No. 15,232.

IN RE SNYDER.

SNYDER *v.* GUTHNER, EX OFFICIO SHERIFF ET AL.
(129 P. [2d] 672)

Decided September 21, 1942.

Mr. EUGENE H. TEPLEY, for petitioner.

Mr. JAMES T. BURKE, Mr. ROBERT T. KINGSLEY, for respondents.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS is an original habeas corpus proceeding. The petitioner, defendant in case No. 34,448, People v. Snyder, pending in the district court of the City and County of Denver, filed his motion to dismiss the information wherein he was charged with burglary, larceny and receiving stolen goods of a value of more than $290, upon the ground that he had not been accorded a speedy trial as guaranteed by section 16, article II of the Constitution, and section 485, chapter 48, '35 C.S.A. The motion was denied and this original proceeding followed. The information above mentioned was filed May 29, 1939, in the April 1939 term, concededly before any statute of limitations ran against the offense charged. June 5, 1939, defendant entered a plea of not guilty and was released on bond on the 26th of the same month. Subsequently, by agreement, the case was set for trial on October 19, 1939, in the first term following the one in which the information was filed. Defendant failed to

appear for trial on the date fixed, and on October 20, 1939, his bond was forfeited. He continued a fugitive from justice until September 1, 1942, when he either surrendered or was apprehended. Counsel, who represents petitioner here, was assigned to defend him and the trial was set for September 16, previous to which date the motion to dismiss hereinabove mentioned was made, and denied. Since petitioner consented to the continuances in the district court and has been a fugitive from justice until recently, no contention is made with respect to any delay in trial *since* the information was filed, but it is asserted that *before* such information was filed more than three full terms (April and September, 1938, and January, 1939) had elapsed after defendant was taken into custody on a warrant for the same alleged offense issued out of a justice of the peace court in Denver. The circumstances attendant thereto are: That July 7, 1937, a criminal complaint charging the same felony was filed in the justice of peace court as the basis for a preliminary examination therein with respect to the probable guilt or innocence of defendant and other persons therein named, under section 428, chapter 48, '35 C.S.A. Warrant was issued, defendant arrested, and he pleaded not guilty March 31, 1938, and thereafter was admitted to bail for appearance for preliminary examination. In such a proceeding a justice of the peace is without jurisdiction to adjudge the ultimate guilt or innocence of the accused. Before the date fixed for the preliminary examination in the justice of the peace court, and on May 19, 1938, the proceedings were dismissed "upon motion of the district attorney at the request of complaining witness" and defendant released from custody.

 Counsel for petitioner contends that the justice of the peace proceeding was not effectively dismissed because of the failure of the district attorney to file a written statement of the reasons for such disposition, said to be required by section 463, chapter 48, '35 C.S.A.,

and that since petitioner was not brought to trial within either of the two terms of the district court following the term during which the complaint was filed in the justice of the peace court, the pending information should be dismissed and the petitioner discharged under the pertinent portions of section 485, supra, which are as follows: "If any person shall be committed for any criminal or supposed criminal matter, * * * and shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court * * * ." Petitioner relies on the case of *Cummins v. People*, 4 Colo. App. 71, 34 Pac. 734, as authority for the relief he seeks. In our view that case not only fails to support his position, but inferentially at least, points to the fallacy in his argument. In the Cummins case defendant, after a preliminary examination, had been bound over to the district court and placed under bond to appear in the latter court at the next term thereof. Under the Colorado practice, when an accused after preliminary examination is held to appear before the district court for trial of the offense charged, it is the duty of the justice to deliver to the clerk of the district court on or before the first day of next ensuing term thereof a transcript of the proceedings, together with other papers pertaining to the case. '35 C.S.A., chapter 48, section 464. The recognizance in such case requires the accused to appear at and on the first day of the next term of the district court. Section 428, supra. Deciding that commitment by the justice as a result of the preliminary examination fixed the point to toll the terms of the district court during which the people must proceed or the defendant be entitled to release, the court held that an information filed after the elapse of two terms following the one in which defendant was bound over came too late.

The obvious distinction between the Cummins case and the proceeding at bar is, that herein a pre-

liminary examination before the justice of the peace never was had, and defendant never was held to appear before the district court nor bound over thereto; hence, there was here no starting point for the computation of the statutory period of permissible delay in the district court fixed by the justice of the peace in the proceeding under consideration. A preliminary examination is not an indispensable step in the prosecution of a person accused of crime, since an alleged offender, without a preliminary hearing, or after a discharge if he has had one, may be prosecuted under indictment or information. *Holt v. People*, 23 Colo. 1, 45 Pac. 374; *Noble v. People*, 23 Colo. 9, 45 Pac. 376. It follows that a consideration of the question whether a complaint for preliminary examination may be dismissed without a written statement by the district attorney, or at all, is purely hypothetical, since an information might be filed legally in any event. The circumstance that petitioner was not held in custody for a preliminary hearing on the complaint filed in the justice of the peace court makes unnecessary any discussion as to the right of one held under process of such a court to a speedy hearing therein.

The order to show cause and for a stay heretofore entered herein is vacated, and the writ denied.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE not participating.