No. 21556.

Lawson F. Palmer *v.* The District Court of the
City and County of Denver, etc., et al.
(398 P.2d 435)

Decided January 25, 1965.

RICHARD E. HARTMAN and EUGENE DEIKMAN, for petitioner.

WALTER F. SCHERER, for respondents.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is an original proceeding upon the petition of Lawson F. Palmer who stands charged in the district court with the commission of two felonies. He alleges that the respondent, the trial court, "has exceeded its jurisdiction and abused its discretion" in failing to set new bail for him and that he has "no plain, speedy and adequate remedy" to obtain relief other than this proceeding. A rule to show cause was issued.

The information alleged that petitioner procured an abortion in violation of C.R.S. '53, 40-2-23, which carries a maximum penalty of three years imprisonment; and, also alleged that he conspired with another person to commit a felony under C.R.S. '53, 40-7-35, which carries a maximum penalty of ten years imprisonment.

Originally, bail was set in the amount of $10,000.00 and petitioner was released upon giving sufficient surety. Trial was then set for November 18, 1963, and when petitioner failed to appear his bond was forfeited. It appears that petitioner fled the jurisdiction of the court after his release on bond and went to Argentina.

On May 26, 1964, petitioner voluntarily returned to the United States. He claimed that his flight was occasioned by amnesia which caused him to forget both his identity and his whereabouts for a period of time; and, that when he did recover his senses, he wanted to and did return to stand trial. The trial court thereafter fixed bail at $100,000.00.

On July 6, 1964, petitioner entered a plea of not guilty by reason of insanity at the time of the alleged offenses. Following the entry of his plea, the trial court ordered him confined to the county jail for observation in accordance with C.R.S. '53, 39-8-2. The appointed Commission, at the end of the examination period, reported to the court that the petitioner was sane.

Shortly after the report of the Commission, the petitioner moved to reduce the amount of the bail because it was excessive in relation to his means. The respondent, the trial court, not only rejected petitioner's offer of proof in support of his motion as to his resources and alleged good intentions, but then ordered that bail be denied because of petitioner's plea of not guilty by reason of insanity at the time of the commission of the offenses.

One issue is determinative of this rule to show cause, viz:

Can one who enters a plea of not guilty by reason of insanity at the time of the commission of the alleged crime be denied bail pending trial? This question is one of first impression in Colorado.

Section 19, Article II of the Colorado Constitution ordains that "all persons shall be bailable by suffi-

cient sureties except for capital offenses, when the proof is evident or the presumption great." The mandate of the constitutional provision is that persons charged with offenses are bailable with the one exception mentioned. *Shanks v. District Court,* 153 Colo. 332, 385 P.2d 990 (1963); *In Re Losasso,* 15 Colo. 163, 24 Pac. 1080, 10 L.R.A. 847 (1890). The mention of the one exception excludes other exceptions. Courts would violate their mandate if they were to add another to the exception expressed in the quoted provision.

■ As we view it, the trial court has in effect said there is a second exception: that one charged with crime becomes unbailable when he pleads not guilty by reason of insanity. This the trial court was powerless to do, and the denial of bail was erroneous in this respect.

The following language used in *Ex parte Keddy,* 105 Cal. App. 2d 215, 233 P.2d 159 at 162 (1951) a case involving a sexual psychopath, construes a like provision of the California Constitution and is applicable to the case herein.

"(2) The people of the State of California through their Constitution have provided in Article I, Section 6, that *"All persons* shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great. (Italics added.)

"[8, 9] This mandate of the people cannot be legally set aside by the civil, legislative or judicial branch of the government. It will be observed that the people, who are sovereign, have seen fit to provide that with but one exception, to wit, where a person has been charged with a capital offense, *all persons* are entitled to bail as a matter of right. Irrespective of the villainy of the accused or the heinousness of his offense, without regard for public opinion, or for the personal views of an individual officer as to the wisdom of the constitutional provision such provision is binding without qualification upon the

courts until the people have by inherited processes legally erased the constitutional mandate.

"Only by strict adherence to this principle are we assured of the perpetuity of the guaranties of the Constitution in the equal administration of the laws where there are many judges of differing degrees of education, age, experience and background.

"To insure the permanence of our free institutions all judicial officers must conform with the criteria established by the organic law.

"No individual or public official is above, beyond or exempt from the mandates of the Constitutions, state and federal. If judicial officers do not abide by their solemn pledge to protect and defend the Constitution, as well as to observe the limitations prescribed thereby, we must expect from the average citizen only contempt for our most cherished institutions and legal concepts. If such event should occur the inevitable result will be decay of the republic, and government by men — not law — will result. Then, democracy will be abased and totalitarianism will drench the land. If the constitutional guaranties are wrong, let the people change them — not judges or legislators. Two wrongs cannot make a right.

"History has demonstrated beyond a doubt that such a guaranty as is set forth in Article I, Section 6, of the Constitution is necessary for the protection of the citizen, and that it should be preserved at all hazards. Any judicial official who refuses to give his loyalty to this ideal because of his feeling of revulsion at the nature of the offense charged against the accused either does not conceive the doctrine in its full meaning or he profanes the hallowed words of the patriots who convened in Philadelphia in 1787."

Upon the entry of such a plea, the defendant is committed for observation and examination pursuant to C.R.S. '63, 39-8-2. The results of such observation and examination may warrant initiation of proceedings in

accordance with C.R.S. '63, 71-1-1, et seq., where ample authority exists for taking into custody and detaining one coming within its terms involving involuntary detention. See, *In Re Gentry,* 206 Cal. App. 2d 723, 24 Cal. Rep. 208 (1962); *Ex parte Westcott,* 93 Cal. App. 575, 270 Pac. 247 (1928).

■ One charged with crime is entitled to have bail fixed, and to be given his liberty pending the disposition of his case. This he has as a matter of constitutional right, "except for capital offenses, when the proof is evident or the presumption great." *Ex parte Westcott,* supra.

■■ It may be that a hearing may be necessary in order that the trial court can reasonably fix bail. "Proofs may be required in determining the amount of bail, but the right thereto is no longer a matter of judicial inquiry or discretion," this Court said under other circumstances. *In Re Losasso,* supra. Bail should not be "more than will be reasonably sufficent to prevent evasion of the law by *flight* or concealment"; it should be "reasonably sufficient to secure the prisoner's presence at the trial." *Id.*

■ The scope and character of the hearing envisage consideration of factors which throw light on what would be reasonable bail in order to assure the prisoner's presence at the trial. Mind cannot anticipate all the factors that may be properly presented. In this connection, however, the trial court may attach significance to its experience with defendant's previous bail.

The rule to show cause is made absolute. It is ordered that the trial court shall forthwith grant petitioner a full and proper hearing as to the amount of his bail, and then promptly set his bail in accordance with Section 20, Article II of the Colorado Constitution. It shall then order his release upon compliance therewith.

It is so ordered.

MR. JUSTICE MOORE not participating.