## No. 26244

**Larry Alex Orona v. The District Court in and for the City and County of Denver and the Honorable Robert Kingsley, Judge thereof**

(518 P.2d 839)

Decided January 28, 1974.

Carl L. Harthun, for petitioner.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding, C.A.R. 21, seeking relief in the nature of mandamus. Petitioner Orona, who is charged with two counts of first-degree murder, is presently being held in the Denver County jail. His request that the respondent court set bail has been denied. He has brought this proceeding to obtain an order in the nature of mandamus to compel the respondent to set bail. We issued an order to show cause why the requested relief should not be granted, and both parties have filed briefs in this court. We hereby make the rule absolute.

I.

On July 22, 1973, the dead bodies of Mrs. Judith L. Quintana and Marion Reffel were found in Mrs. Quintana's apartment. Petitioner was arrested by Denver police the following day. No charges were filed until four days after his arrest, when he was charged with two counts of first-degree murder. When petitioner sought bail, the district attorney recommended that bail be denied. A hearing was held and the respondent court denied bail.

At the hearing, the People put on evidence in support of the denial of bail. It was entirely circumstantial. Both bodies had been battered with a blunt instrument. Marion Reffel's body was covered with a sheet and a painted door that had apparently been removed from a room within the apartment of Mrs. Quintana. On that door, a fingerprint — later identified as the petitioner's — was found. The People showed that petitioner and Mrs. Quintana had previously lived together. That relationship had apparently been terminated five months prior to Mrs. Quintana's death. There was also evidence that petitioner had been involved in a disturbance complaint at Mrs. Quintana's apartment three months prior to the murders. Finally, it was shown that on the night in question petitioner had been let out of an auto in which he had been given a ride at a place four-tenths of a mile from Mrs. Quintana's apartment, but it was at a place equi-distant from his own home.

The hearing disclosed some discrepancies in the People's evident proof against this petitioner. A number of persons

had attended a party at Mrs. Quintana's home the evening of her death. Petitioner was not among that group. The People's principal witness at the hearing admitted that he did not know, and could not estimate, how long the fingerprint had been on the door. Petitioner, it developed, had done some carpentry for Mrs. Quintana and had previous access to this door. A search of defendant's home had yielded nothing which the People showed linked him to that crime. Further, the evidence showed that the murderer had attempted to clean up some blood in the apartment bathroom. Yet the only fingerprints found in the bathroom were those of Mrs. Quintana. There were no traces of the petitioner's presence in Mrs. Quintana's apartment save the print on the door.

II.

Our constitution establishes that the right to bail is absolute except where a capital crime has been committed and "the proof is evident or the presumption great" that the one charged committed the crime. Colo. Const. Art. II, § 19. The burden of proof, of course, rests with those opposing bail. Our prior decisions indicate that the implementation of this guarantee must be determined by a hearing where the People's proof of guilt is presented. *Palmer v. District Court,* 156 Colo. 284, 398 P.2d 435 (1965); *Shanks v. District Court,* 153 Colo. 332, 385 P.2d 990 (1963). The mere fact that an information has been filed — or for that matter that the defendant has been bound over for trial — is not equivalent to a determination that the proof of guilt is evident or the presumption great. By definition, the standard which the constitution requires before bail may be denied is greater than probable cause — though less than that required for a conviction. *See In Re Losasso,* 15 Colo. 163, 24 P. 1080 (1890).

On the basis of the record before us, we hold that the requisite standard to hold petitioner without bail has not been satisfied. The proof of guilt offered by the People is neither evident nor the presumption of guilt great.

The rule is made absolute, and it is ordered that the trial court set reasonable bail.

MR. JUSTICE ERICKSON does not participate.