No. 26309
No. 26272

**The People of the State of Colorado v. Gerald A. Sanders**
(522 P.2d 735)

Decided May 28, 1974.

154

A. L. Herrmann, Jr., District Attorney, Nolan L. Brown, District Attorney, Richard W. Dickerson, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

MR. JUSTICE LEE delivered the opinion of the Court.

Pursuant to Colo. Sess. Laws 1972, ch. 44, 39-12-102, the district attorney of the First Judicial District brings this appeal from an order of the Jefferson County district court granting defendant-appellee's release on personal recognizance.

Defendant was charged with felony-theft as a result of a bad check. The record is uncontroverted that at the time of his motion for release on a personal recognizance bond he was at liberty on other cash bonds involving other felony-check charges in Adams and Denver Counties, and on two personal recognizance bonds involving felony-check charges in Jefferson County. Relying on Colo. Sess. Laws 1972, ch. 44, 39-4-105(1)(m), the district attorney objected to defendant's release on his personal recognizance. The district court refused to honor the district attorney's objection, ruling that the statute was unconstitutional in that it vested judicial powers in the prosecutor. The court granted defendant's release on his $2,000 personal recognizance, conditioned on his wife's co-signing the bond as an unsecured surety.

We are of the view that the court erred in ruling the statute was unconstitutional. We therefore reverse the judgment of the court and remand for further proceedings not inconsistent with this opinion.

Section 39-4-105(1)(m) provides:

"Unless the district attorney consents, no person shall be released on personal recognizance if he is presently at liberty on another bond of any kind in another criminal action involving a felony or a class 1 misdemeanor."

See also Crim. P. 46(M) (1974 Supp.).

This portion of the statute must be read in *pari materia* with the host of provisions adopted along with it. *See* Colo. Sess. Laws 1972, ch. 44, 39-4-101, *et seq.* These provisions follow, in the main, the *ABA Standards Relating*

*to Pretrial Release* (Approved Draft 1968). They reflect the philosophy, articulated in *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, and in the *Standards,* that the primary function of bail is to assure the presence of the accused, and that this end should be met by means which impose the least possible hardship upon the accused. In adopting section 39-4-105(1)(m), however, the legislature determined that in certain cases the district attorney's consent to release on personal recognizance should be required.

██ The power to grant bail derives, not from the constitution but from the common law. As we observed in *Bottom v. People,* 63 Colo. 114, 164 P. 697:

" '* * * The power to take bail is incident to the power to hear and determine, or to commit, and hence it may be stated as a general rule that any court or magistrate that has jurisdiction to try a prisoner in any case has jurisdiction to discharge him, and, a fortiori, to admit him to bail, *subject, however, to such regulations or limitations as may be imposed by statute * * *.' "* (Emphasis added.)

*See also* Meyer, *Constitutionality of Pretrial Detention,* 60 Georgetown L.J. 1139 (1972).

██ The legislature may designate the kind and character of the security that is to be provided for release on bail, provided such is not unreasonable. The legislature may also restrict or impose conditions under which persons accused of crime may be released on their personal recognizance. We view the limitations imposed by the statute here in question as reasonable and not in violation of the doctrine of separation of powers.

We find this case analogous to *People ex rel. v. District Court,* 106 Colo. 89, 101 P.2d 26, where this Court condoned a statute requiring the district attorney's approval before the trial court could suspend imposition of sentence.

The judgment is reversed and the cause is remanded with directions for further proceedings consonant with the views expressed herein.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.