## No. 26740

**Robert Andrew Lucero, II v. The District Court of the Twelfth Judicial District and the Honorable Donald G. Smith, and the Honorable Whitford W. Myers, Judges thereof, and the District Court of the Sixteenth Judicial District and the Honorable Lawrence Thulemeyer, a Judge thereof**

(532 P.2d 955)

Decided March 13, 1975.         Rehearing denied March 24, 1975.

68

Kenneth A. Padilla, Walter L. Gerash, for petitioner.

Joe Lewis, District Attorney, for respondent The Honorable Whitford W. Myers.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In this original proceeding, the petitioner, Robert Andrew Lucero, II, seeks relief in the nature of mandamus to compel the reinstatement of bail. He asserts that bail was revoked without cause and that he was denied the constitutional right to bail guaranteed by Article II, Section 19 of the Colorado Constitution. We issued a rule to show cause and now make the rule absolute and direct that bail be reinstated.

On September 18, 1974, an information was filed charging Lucero with attempted aggravated robbery (1971 Perm. Supp., C.R.S. 1963, 40-2-101; section 18-2-101, C.R.S. 1973) and with first-degree murder (1971 Perm. Supp., C.R.S. 1963, 40-3-102; section 18-3-102, C.R.S. 1973).

Thereafter, he filed a motion for bail and obtained a hearing. At the hearing, which was held in compliance with section 16-4-105, C.R.S. 1973 (Colo. Sess. Laws 1972, ch. 44, 39-4-105, at 205-206) and Crim. P. 46, testimony was taken relating to the defendant's character, reputation, family background, and his ties to the community. The district attorney, in the course of the hearing, acknowledged that the defendant was entitled to bail, and the court fixed bail at $25,000. When bail was set, the district judge imposed conditions relating to the defendant's right to remain at liberty on bail. Thereafter, the defendant made bail.

■ The imposition of conditions that comply with the constitution is in keeping with the recommendations of the Standards for Criminal Justice. *ABA Standards Relating to Pretrial Release* § 5.5. However, in this case, the trial judge imposed an improper and unconstitutional condition. The bail order included the following condition:

"If probable cause shall be shown to this court that any of the above offenses shall have been committed by either defendant, bond for that particular defendant shall be immediately terminated."[1]

Thereafter, the defendant filed a motion to obtain a preliminary hearing (section 16-5-301, C.R.S. 1973; Crim. P. 7(h); Colo. Sess. Laws 1973, ch. 142, 39-5-301 at 499). Lucero, in requesting and obtaining a preliminary hearing, was exercising a right that was not only guaranteed him by statute and our rule, but also one that has a constitutional foundation. *Gerstein v. Pugh,* 43 U.S.L.W. 4230 (U.S. Feb. 18, 1975).

At the conclusion of the preliminary hearing, the district judge revoked bail on the basis of a finding of probable cause and ruled that the proof was evident and the presumption great. The trial judge also improperly found that Lucero committed the offenses charged in the information. *See People v. District Court,* 187 Colo. 164, 529 P.2d 1335 (1974).

The sole issue at the preliminary hearing is probable cause, and the trial court exceeded its jurisdiction in determining that Lucero committed the offenses and, without prior notice to Lucero that revocation of bail was in issue, in determining that the proof was evident and the presumption great, and revoked bail. *See Snyder v. Guthner,* 110 Colo. 35, 129 P.2d 672 (1942).

Article II, Section 19 of the Colorado Constitution provides:

"All persons shall be bailable by sufficient sureties except for capital offenses, when the proof is evident or the presumption great."

*See* section 16-4-105, C.R.S. 1973 (Colo. Sess. Laws 1972, ch. 44, 39-4-105, at 205-206), and Crim. P. 46(a). Our Colorado Constitution grants a defendant charged with a capital offense the right to bail unless the district attorney meets the burden of establishing at the bail hearing that the "proof is evident or the presumption great." *People ex rel. Dunbar v. District Court,* 179 Colo. 304, 500 P.2d 358 (1972); *Palmer v. District Court,* 156 Colo. 284, 398 P.2d 435, 11 A.L.R.3d 1380 (1965); *Shanks v.*

---

[1]Lucero and Rael were jointly charged with the commission of the two offenses, and the bail order set conditions and the amount of bail for both defendants.

*District Court,* 153 Colo. 332, 385 P.2d 990 (1963). If evidence of the proper nature and kind is not presented by the district attorney, "it is incumbent upon the court, looking to the guidelines laid down in our new statute [section 16-4-105(1)(h)] and in the case of Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), to set reasonable bail in compliance with our Constitution and the Eighth Amendment of the Constitution of the United States." *People ex rel. Dunbar v. District Court, supra. Accord, Orona v. District Court,* 184 Colo. 55, 518 P.2d 839 (1974); *In re Losasso,* 15 Colo. 163, 24 P. 1080 (1890).

■ The mere filing of an information or the production of evidence which would establish probable cause that the crimes charged were committed will not meet our constitutional standard. *Orona v. District Court, supra; State v. Konigsberg,* 33 N.J. 367, 164 A.2d 740, 89 A.L.R.2d 345 (1960).

■ At the bail hearing, the district attorney offered no evidence relating to the crime to show that the "proof was evident or presumption great." The record reflects that the district attorney in this case concluded that it was not a capital offense, because Lucero was sixteen years of age at the time the crimes occurred. The fact that Lucero was sixteen years of age — a minor — who could not be subjected to the death penalty — would not have foreclosed the denial of bail. *See Corbett v. Patterson,* 272 F.Supp. 602 (D.Colo. 1967).

■ The trial judge exceeded his jurisdiction by equating probable cause to our constitutional standard and by imposing an impermissible condition on the defendant at the time bail was granted. This opinion, however, should not be construed to in any way negate the right of the court to revoke or modify bail which has been previously granted after notice is given to the defendant.

■ Accordingly, our rule to show cause is made absolute, and the district court is ordered to reinstate bail on the conditions previously set, but to strike the condition that bail shall be revoked when probable cause is shown. The purpose of bail is to insure the defendant's presence at the time of trial and not to punish a defendant before he has been convicted.

MR. CHIEF JUSTICE PRINGLE concurs in the result.