**Kenneth L. STEPHENSON, Petitioner,**

v.

**The DISTRICT COURT In and For the EIGHTH JUDICIAL DISTRICT of the State of Colorado, and the Honorable John-David Sullivan, one of the Judges thereof, Respondents.**

No. 81 SA 196.

Supreme Court of Colorado,
En Banc.

June 22, 1981.

J. Gregory Walta, Colorado State Public Defender, Thomas J. Herd, Steven R. Gayle, Deputy State Public Defenders, Fort Collins, for petitioner.

Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Stephen J. Roy, Deputy Dist. Atty., Fort Collins, for respondents.

DUBOFSKY, Justice.

In this original proceeding, the petitioner Kenneth L. Stephenson requests a writ in the nature of prohibition and mandamus restraining the respondent district court from revoking the petitioner's personal recognizance bond. We issued a rule to show cause, and now make that rule absolute.

On October 30, 1980, the day after his arrest, the petitioner appeared in custody before a judge of the county court.[1] The judge authorized the petitioner's release from custody upon a $2,500 personal recognizance bond co-signed by the petitioner's wife. The court continued the bond until November 3, 1980 when the petitioner again appeared before the same county court judge. The court informed the petitioner that the district attorney had filed a felony information charging him with possession of a dangerous drug (marijuana) with intent to dispense, a class 4 felony[2], and that bail had been set in the amount of $4,000. The county court then reduced the petitioner's bond to $2,500, the amount set on October 30, ordered that the bond in case F80F588 be continued until November 18, 1980[3] and transferred the case and the bond to the district court as required by section 16–4–106, C.R.S.1973.[4] The signed transfer order reflected that the petitioner was at liberty pursuant to a $2,500 personal recognizance bond co-signed by his wife.

Although the county court specified that the recognizance bond would be continued

1. The case was assigned County Court Case No. F80F588.

2. Sections 12–22–404 and 12–22–412(3), C.R.S. 1973.

3. The respondent district court fixed bail in the amount of $4,000 when the information was filed. Section 16–4–103(1), C.R.S.1973, provides:
"At the first appearance of a person in custody before a judge of a court of record, the amount of bail and type of bond shall be fixed by the judge, unless an indictment, information, or complaint has theretofore been filed and the amount of bail and type of bond has been fixed

upon the return of the indictment, or filing of the information or complaint, in which event the propriety of the bond shall be subject to reappraisal...."

4. Section 16–4–106, C.R.S.1973, provides:
"Once a bond has been executed and the person released from custody thereon, whether a charge is then pending or is thereafter filed or transferred to a court of competent jurisdiction, the original bond shall continue in effect until final disposition of the case in the trial court.... Any bond continued pursuant to this section is subject to the provisions of section 16–4–107."

until November 18, 1980, the clerk of the court noted in the case file that bond was "reduced to $2,500 *cash, surety or property*" (emphasis added). The petitioner appeared before the respondent district court on November 18, 1980, and the court continued his bond and preliminary hearing until April 3, 1981, when the court found probable cause and bound the petitioner over for trial. On April 3, the respondent court noted the discrepancy between the petitioner's personal recognizance bond and the clerk's notation in the case file. On its own motion, the respondent court scheduled a bond hearing for April 9, 1981.[5] On April 9, neither the petitioner nor the prosecution presented evidence. From the court file, the respondent court determined that the county court had changed the type of bond from a personal recognizance bond with a co-obligor to a cash, property, or corporate surety bond. Because the petitioner had failed to post a cash, property or corporate surety bond, the respondent court remanded the petitioner to custody but stayed the execution of its order until May 7, 1981. On May 6, 1981, we issued a rule to the respondent court to show cause why the relief requested by the petitioner should not be granted.

In response to our rule, the attorney for the respondent court concedes, based on the transcript of the county court hearings[6], that the clerk's notation was inaccurate and that the county court judge intended to continue the petitioner's co-signed personal recognizance bond rather than change it to a cash, surety, or property bond. However, the respondent court contends that the petitioner did not sustain the burden of going forward with evidence to show the validity of his bond and, therefore, that it properly corrected the petitioner's apparently erroneous release from custody. Alternatively, the respondent court asserts that it has inherent authority to unilaterally revoke or modify bail which has been previously

granted, citing section 16–4–107, C.R.S. 1973, and *Lucero v. District Court*, 188 Colo. 67, 532 P.2d 955 (1975).

In *Lucero v. District Court*, we held that a trial court exceeded its jurisdiction in revoking the defendant's bail when it found probable cause to believe that the defendant committed first-degree murder. We observed, however, that our holding "should not be construed to negate in any way the right of the court to revoke or modify bail which has been previously granted after notice is given to the defendant." *Id.* at 71, 523 P.2d at 957. A trial court may revoke or modify bail, but in doing so, it must comply with the provisions of sections 16–4–101, *et seq.*, C.R.S.1973.[7] Specifically, section 16–4–107, C.R.S.1973, provides in part:

"(1) Upon application by the district attorney or the defendant, the court before which the proceeding is pending may increase or decrease the amount of bail, may require additional security for a bond, or ' may dispense with security theretofore provided, or may alter any condition of the bond.

(2) Reasonable notice of an application for modification of a bond by the defendant shall be given to the district attorney.

(3) Reasonable notice of application for modification of bond by the district attorney shall be given to the defendant, except as provided in subsection (4) of this section.

(4) Upon verified application by the district attorney stating facts or circumstances constituting a breach or a threatened breach of any of the conditions of the bond, the court may issue a warrant commanding any peace officer to bring the defendant without unnecessary delay before the court for a hearing on the matters set forth in the application. At the conclusion of the hearing, the court

---

**5.** Neither the district attorney nor the petitioner had filed a motion requesting a change in the amount of bail or type of bond.

**6.** The respondent court did not have the transcript of the county court proceedings before him.

**7.** The provisions of Crim.P. 46 are identical in relevant part to the provisions of sections 16–4–101, *et seq.*, C.R.S.1973.

may enter an order authorized by subsection (1) of this section."

The statute makes no provision for a trial court, *sua sponte*, to modify a defendant's bond once that bond has been executed. After the bond is executed, it is not incumbent upon the defendant to affirmatively show the validity of his bond. The petitioner here made every court appearance while he was on bond, and the district attorney had not filed an application for modification of bond.[8] Therefore, we direct the respondent court to vacate its order remanding the defendant to custody and to continue the bond executed in this case until such time as it may be properly modified under section 16–4–107, C.R.S.1973.

Rule made absolute.

**8.** In representing the respondent trial court in this original proceeding, the district attorney argues that the original personal recognizance bond was improper because the district attorney did not consent to it as required by section 16–4–105(l)(n), C.R.S.1973, and *People v. Sanders*, 185 Colo. 153, 522 P.2d 735 (1974). We do not reach this issue because it was not the basis of the respondent court's ruling that the petitioner had not posted a valid bond, and it was not the subject of an application for a modification of bond by the district attorney although on October 29, 1980, and again at the hearing on April 9, 1981, the district attorney noted that the petitioner had a felony conviction within the past five years, and that release of the petitioner on his personal recognizance alone was improper. *See* sections 16–4–104(1)(a) and 16–4–105(1)(n), C.R.S.1973.