The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

James Walter OLDS, Defendant-Appellee.

No. 81SA249.

Supreme Court of Colorado, En Banc.

Jan. 10, 1983.

Daniel C. Zook, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Kathleen A. Carlson, Morris, Susemihl, Lohman & Kent, Colorado Springs, for defendant-appellee.

LEE, Justice.

The defendant James Walter Olds was charged with multiple counts of burglary and theft and was detained in jail awaiting trial on the charges because he did not post a bail bond. In response to his motion which claimed that his right to speedy trial had been violated, the trial court dismissed the charges pending against him, holding that section 16–4–103(2), C.R.S.1973 (1982 Supp.), required that he be brought to trial on the charges within ninety days of the date of any bond revocation or modification. The People appeal the dismissal of the charges. *See* section 16–12–102, C.R.S. 1973 (1978 Repl.Vol. 8). We reverse.

The facts relevant to the People's appeal follow. An information was filed against the defendant on September 4, 1980, and at that time the defendant was released from custody on a $1,500 personal recognizance bond. Arraignment had been set for September 5, 1980, but was continued at the defendant's request so that a preliminary hearing could be conducted. The preliminary hearing was set for September 18, 1980, but the defendant failed to appear. The court was advised that the defendant was being held out-of-state on other burglary charges. The court cancelled the bond and issued a bench warrant for the defendant's arrest.

The defendant was returned to Colorado pursuant to the warrant and appeared before the court on October 29, 1980. The court determined that his prior non-appearance had effectively waived his right to preliminary hearing, and bond was then set at $3,000. The defendant remained in custody and further preliminary proceedings were delayed at the defendant's request so that he could undergo a psychiatric examination as a prelude to a possible not guilty by reason of insanity plea. The defendant was finally arraigned on December 11, 1980, and entered a plea of not guilty. Trial was then set for March 16, 1981, but was subsequently rescheduled to a later date. On motion of the defendant the trial court dismissed the charges on May 1, 1981.

The defendant argued in the trial court that he was entitled to trial within ninety days of the date his bond was revoked or modified, pursuant to section 16–4–103(2), C.R.S.1973 (1982 Supp.).[1] He considers that the cancellation of the original $1,500 personal recognizance bond and the later setting of a $3,000 cash bond constituted a revocation or modification within the meaning of the statute. He admits that time spent for his psychiatric evaluation could not be counted against the ninety day period, but he contends that the date set by the court exceeded the ninety day limit if figured from the date of his arraignment on December 11.

We do not agree that the statute applies to the situation before us. We believe that

1. That section provides in relevant part:

"**16–4–103. Fixing of bail and conditions of bail bond.** (2) A condition of every bail bond, and the only condition for a breach of which a surety or security on the bail bond may be subjected to forfeiture, is that the released person appear to answer the charge against him at a place and upon a date certain and at any place or upon any date to which the proceeding is transferred or continued. Further conditions of every bail bond shall be that the released person not commit any felony while at liberty on such bail bond and that the court in which the action is pending have the power to revoke the release of the defendant, to increase the bail bond, or to change any bail bond condition if it is shown that a competent court has found probable cause to believe that the defendant

has committed a class 1, 2, 3, or 4 felony while released pending adjudication of a prior felony charge. In addition, the judge may impose such additional conditions upon the conduct of the defendant as will, in the judge's opinion, render it more likely that the defendant will fulfill the other bail bond conditions. These additional conditions may include submission of the defendant to the supervision of some qualified person or organization. Any defendant whose bail bond is revoked or increased under an order entered pursuant to this section and who remains in custody must be tried on the charges on which the bail bond has been increased or revoked within ninety days after such order or within six months after his arraignment on such charges, whichever date is earlier."

the legislature meant to enhance speedy trial rights of those who are kept in jail due to revoked bail or increased bail *after* the issue of their guilt has been raised by a plea of not guilty. This is in accordance with the provisions of section 18–1–405, C.R.S. 1973 (1978 Repl.Vol. 8), and Crim.P. 48(b) which provide generally for speedy trial. The bond settings the defendant complains of here predated the time of his arraignment. When he did plead not guilty on December 11, 1980, the bond of $3,000 was continued and not modified. It was neither revoked nor increased in amount. Therefore, he cannot convincingly argue that his speedy trial rights were violated when trial was set for less than four months later, well within the time prescribed in the statute. Section 18–1–405, C.R.S.1973 (1978 Repl. Vol. 8).

■ To construe the statute as the defendant would have us do would create an anomaly. The defendant's failure to appear at the September 18 preliminary hearing caused a forfeiture of his personal recognizance bond. His bond was cancelled and an arrest warrant was issued. When he was again arrested and brought back to the court on October 29, 1980, the court was required to set bail for the defendant.[2] The trial court acted properly in denying a personal recognizance bond since the defendant had previously failed to appear. The defendant has not argued here that the amount of bond set was unreasonable. The court set a cash bond of $3,000 and that bond has continued in effect during the entire time of incarceration. The first bond of $1,500 was not continued and then modified; rather the first bond ceased to exist and was forfeited. *See* Crim.P. 46(a)(2)(II); section 16–4–103(2), C.R.S.1973 (1982 Supp.).

■ Moreover, the trial court erred in holding that the defendant came within the terms of the statute. At the time of both bond hearings the defendant had not yet entered a plea in answer to the charges against him. Therefore, it would have been impossible for him to be tried within ninety days of the forfeiture of the first bond, because his arraignment did not occur until almost the entire ninety day period had passed. It is conceivable that if such a rule for all bond settings were applied, the time for speedy trial could run before the defendant's guilt was even put in issue, after his arrest but before arraignment on the charges. Therefore, we believe the bail modifications which are the subject of section 16–4–103(2) relate only to those bail proceedings which occur after arraignment, as do other speedy trial limitations. *Compare* section 18–1–405, *supra*.

We do not believe that the General Assembly intended that one accused of the commission of an offense should be permitted to profit from his failure to appear at the preliminary hearing and be in a better position than those other defendants who were released on bond and who had not violated the terms of their bond, or those defendants who had been unable to post bail initially and who had remained incarcerated for the entire pretrial period after arrest. *See A.B.A. Standards for Criminal Justice*, 10–5.9 and 10–5.10 (2d ed. 1980). Rather, we think the plain intent of the statute is to provide for an accelerated docket for those defendants who are being held in jail pending trial as a result of the revocation of their prior release on bond, for certain specified reasons,[3] or as a result of an increase in the amount of bond, which would cause them to remain in custody. The defendant does not come within the class of defendants addressed by the statute since his bail bond remained the same from the date of his arraignment forward.

The judgment of the trial court is reversed and the cause is remanded to the

---

**2.** Since the defendant was charged with a noncapital offense, he was entitled to have bail set. *Colo. Const.* art. II, sec. 19; *Palmer v. District Court*, 156 Colo. 284, 398 P.2d 435 (1965).

**3.** Bond revocation or increase is permissible if some condition of the bond has been violated, including commission of a felony, and the court makes such findings. *See* 16–4–103(2), *supra*; *Stephenson v. District Court*, 629 P.2d 1078 (Colo.1981).

trial court with instructions to reinstate the charges against the defendant.