The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Richard Juan MASCARENAS,
Defendant-Appellee.

No. 84SA37.

Supreme Court of Colorado.

Sept. 23, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellant.

David F. Vela, State Public Defender, Seth J. Benezra, Deputy State Public Defender, Denver, for defendant-appellee.

ERICKSON, Justice.

Defendant, Richard Mascarenas, was charged with aggravated robbery of drugs and being a habitual criminal. Upon defendant's motion, the Weld County District Court dismissed the charges pursuant to section 16–4–103(2), 8 C.R.S. (1984 Supp.), which, under certain conditions, mandates that when bail is increased, a criminal defendant must be tried within ninety days after the order increasing bail is issued.

The defendant moved to dismiss for failure to grant a trial within ninety days after his bail was increased. The district court granted the defendant's motion and the prosecution appeals. We hold that the district court improperly applied the statute. We therefore reverse, remand, and direct that the dismissed charges be reinstated.

## I.

Mascarenas was convicted of aggravated robbery and habitual offender charges on December 19, 1979. The case was appealed to the Colorado Court of Appeals, and jurisdiction was subsequently transferred to the Colorado Supreme Court. On June 20, 1983, we reversed the defendant's conviction and remanded for a new trial on the charges of aggravated robbery of drugs and being a habitual criminal. For a detailed discussion of the facts underlying the first trial, see *People v. Mascarenas*, 666 P.2d 101 (Colo.1983).

The district court received the mandate of the Colorado Supreme Court on July 14, 1983, and on August 17, 1983, set bond at $25,000, which was the bail set before the first trial. Even though Mascarenas was unable to post the $25,000 bond, the district attorney, asserting that a $25,000 bond was not sufficient to ensure the defendant's appearance, filed a motion to increase the bond. A bond hearing was held on August 19, 1983. Over the defendant's objection, the trial court found that the prosecution was requesting an increase in bail pursuant to section 16–4–107, 8 C.R.S. (1978), which required "reasonable notice" to the defendant. Accordingly, the trial court reset the hearing for twelve days later to provide reasonable notice to the defendant.

At the hearing on August 31, 1983, the prosecution argued that the defendant's bail should be increased because of his previous criminal record, escapes, and because he had an incentive to flee. The trial court agreed and increased bail to $40,000. After three continuances, trial was set for December 13, 1983.

On November 29, 1983, exactly ninety days after the bond was increased, the defendant moved to dismiss the charges under section 16–4–103(2), 8 C.R.S. (1984 Supp.), which, in limited instances, requires trial within ninety days of an increase in bail. The district court conducted a hearing and granted defendant's motion to dismiss the case with prejudice.

## II.

The prosecution appeals, arguing that the trial court incorrectly interpreted the statute to apply to *every* situation where bail is increased. The statute provides that:

A condition of every bail bond, and the only condition for a breach of which a surety or security on the bail bond may be subjected to forfeiture, is that the released person appear to answer the charge against him at a place and upon a date certain and at any place or upon any date to which the proceeding is transferred or continued. Further conditions of every bail bond shall be that the released person not commit any felony while at liberty on such bail bond and that the court in which the action is pending have the power to revoke the release of the defendant, to increase the bail bond, or to change any bail bond condition if it is shown that a competent court has found probable cause to believe that the defendant has committed a class 1, 2, 3, or 4 felony while released pending adjudication of a prior felony charge. In addition, the judge may impose such additional conditions upon the conduct of the defendant as will, in the judge's opinion, render it more likely that the defendant will fulfill the other bail bond conditions. These additional conditions may include submission of the defendant to the supervision of some qualified person or organization. Any defendant whose bail bond is revoked or increased under an order entered *pursuant to this section* and who remains in custody must be tried on the charges on which the bail bond has been increased or revoked within ninety days after such order or within

six months after his arraignment on such charges, whichever date is earlier.

§ 16–4–103(2), 8 C.R.S. (1984 Supp.) (emphasis added).

■ The statute specifically states that the ninety-day speedy-trial provision applies only to a defendant whose bond is increased under an order issued pursuant to section 16–4–103(2). The speedy-trial requirements of section 16–4–103(2) therefore apply only when a competent court finds probable cause that a defendant has committed specific felonies while released on bond for another felony. Section 16–4–103(2) gives the trial court the power to revoke bail once the court finds probable cause that the statutory conditions exist. The speedy-trial requirement serves to temper the potential harshness of bail revocation when the statute is invoked.

■ Legislative intent is the fundamental guide to statutory interpretation. *Posey v. District Court*, 196 Colo. 396, 586 P.2d 36 (1978). However, if the meaning of a statute is plain and unambiguous on its face, other rules of statutory construction need not be considered. *Hill v. Sleep Products, Inc.*, 41 Colo.App. 133, 584 P.2d 93 (1978). The meaning of section 16–4–103(2) is unambiguous on its face, and it is clear that it has no application in the present case. The increase in defendant's bond amount did not occur while he was released on bond and was not the result of the defendant's committing another felony while released.

■ The district court instead relied on section 16–4–107, 8 C.R.S. (1978), which provides that the court may increase or decrease the amount of bail upon application by the district attorney or the defendant and which has no specific speedy-trial provision. The Colorado speedy-trial statute is controlling and requires that the defendant be brought to trial "within six months after the date of receipt by the trial court" of the appellate court mandate reversing an earlier criminal conviction of defendant. § 18–1–405(2), 8 C.R.S. (1984 Supp.). The district court received our mandate reversing defendant's prior conviction on July 14, 1983, and scheduled trial for December 13, 1983, which was within the six-month statutory period. The charges against Mascarenas should not have been dismissed.

### III.

■ The record reveals that the trial court relied on dicta in *People v. Olds*, 656 P.2d 705 (Colo.1983). In *Olds*, the defendant jumped bail prior to arraignment and his bail bond was revoked. When he was apprehended and subsequently arraigned, a new bond was set because the defendant was not then on bail. Although we determined that the *Olds* case did not fall within section 16–4–103, the following dicta appears:

[W]e think the plain intent of the statute is to provide for an accelerated docket for those defendants who are being held in jail pending trial as a result of the revocation of their prior release on bond, for certain specified reasons, or as a result of an increase in the amount of bond, which would cause them to remain in custody.

*Olds*, 656 P.2d at 707 (footnote omitted). *See also People v. Armendariz*, 684 P.2d 252 (Colo.App.1983). To the extent that the quoted language is inconsistent with this opinion, it is disapproved. All defendants who have bond increased and who remain in custody do not have a right under section 16–4–103 to a trial within ninety days.

Accordingly, the district court order dismissing the charges against the defendant is reversed, and the case is remanded with directions that the charges pending at the time of dismissal be reinstated.