**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Franklin R. WHITE, Defendant–Appellee.**

**No. 90CA1162.**

Colorado Court of Appeals, Div. III.

Aug. 15, 1991.

Rehearing Denied Sept. 19, 1991.

Frank J. Daniels, Chief Deputy Dist. Atty., and Stephen K. Erkenbrack, Dist. Atty., Grand Junction, for plaintiff-appellant.

Williams Larson Foster & Griff, Stephen L. Laiche, Grand Junction, for defendant-appellee.

Opinion by Judge PLANK.

The sole issue involved in this appeal is whether § 16–8–112, C.R.S. (1986 Repl.Vol. 8A) precludes the release on bail of a defendant who is charged with a violent crime and found incompetent to proceed. We hold that it does not.

As a result of an automobile accident involving him and one other, defendant, Franklin R. White, was charged with vehicular assault, assault in the second degree, two counts of hit and run, and one count of driving under the influence. Following the accident, defendant began ongoing treatment at the Veteran's Administration Hospital for alcohol abuse and other mental health conditions.

Prior to defendant's preliminary hearing, the county court made a final determination that defendant was incompetent to proceed as defined by § 16–8–102(3), C.R.S. (1986 Repl.Vol. 8A). However, it denied the People's motion under § 16–8–112(2), C.R.S. (1986 Repl. Vol. 8A) to commit defendant to the department of institutions. The People appealed the denial to the district court.

The district court determined that, because defendant had been charged with violent offenses, commitment was required under § 16–8–112(2) and, thus, ordered that it be done. The next day the defendant moved the court pursuant to § 16–8–112(3), C.R.S. (1986 Repl.Vol. 8A) to permit his release on bail. The court granted defendant's motion and released him on a $3,300 co-signed personal recognizance bond.

The People contend that § 16–8–112(3) cannot apply to a person determined to be incompetent who is charged with an offense involving violent behavior. We disagree.

Section 16–8–112 outlines procedures for the trial court to follow after a competency hearing. Section 16–8–112(2) addresses treatment of those determined incompetent and § 16–8–112(3) addresses bail.

Section 16–8–112(2) provides, in part:

"If the final determination is that the defendant is incompetent to proceed, the court shall commit the defendant to the custody of the department of institutions.... However, in the case of a defendant who is charged with an offense which does not involve violent behavior and who is subject to treatment on an outpatient basis as determined by the examination conducted pursuant to section 16–8–111(2) or on the basis of adequate psychiatric information already available, the court may order the defendant to undergo treatment at or under the supervision of a facility.... Such commitment or treatment shall continue until the defendant is found competent to proceed...."

Section 16–8–112(3) provides:

"A determination under subsection (2) of this section that a defendant is incompetent to proceed shall not preclude the court from considering the release of defendant on bail upon compliance with the standards and procedures for such release prescribed by statute and by the Colorado rules of criminal procedure. At any hearing to determine eligibility for release on bail, the courts may consider any effect the defendant's incompetency may have on his ability to insure his presence for trial. *In the case of an incompetent defendant who is not subject to treatment on an outpatient basis ... there shall be a presumption that the incompetency of the defendant will inhibit the ability of the defendant to insure his presence for trial.*" (emphasis added)

The trial court found that the insertion of the last sentence in § 16–8–112(3) indicates a legislative intent to allow the release on bail of a defendant determined to be incompetent, even if that person is charged with a violent crime. We agree.

The first goal of statutory construction is to ascertain and give effect to the intent of the General Assembly. To determine intent, we must look first to the statutory language, giving the terms their commonly accepted and understood meaning. *People v. Terry*, 791 P.2d 374 (Colo. 1990); *People v. Guenther*, 740 P.2d 971 (Colo.1987). We must also attempt to give effect to each part of the statute. Constructions which render a part of the statute meaningless should be avoided. Section 2–4–201(1)(b), C.R.S. (1980 Repl.Vol. 1B); *People v. Terry, supra.*

The statutory language involved here indicates a legislative intent to permit those declared incompetent to be allowed bail re-

gardless of the violent nature of the crime charged. Nowhere in § 16–8–112(3) is there language limiting bail to those charged with non-violent offenses. To the contrary, the first sentence refers broadly to those determined to be incompetent, and the last sentence states that, as to those not qualified for outpatient treatment, which includes those charged with violent crimes, there is a presumption that they will not appear at trial.

If we were to interpret this subsection of the statute as the People argue, the last sentence would be rendered meaningless. As the trial court observed:

"If the legislature intended that anyone in defendant's situation could not be released on bail, then there would be no reason to create this presumption, it would never come into play because release on bail would be absolutely prohibited...."

Moreover, the People's interpretation of the statute may well conflict with the Colorado Constitution. Colo. Const. art. II, § 19, provides: "All persons shall be bailable by sufficient sureties except for capital offenses when the proof is evident or the presumption great."

A statute must be read to comply with the constitution. Section 2–4–201, C.R.S. (1980 Repl.Vol. 1B). And, the mention of one exception excludes other exceptions. *Palmer v. District Court*, 156 Colo. 284, 398 P.2d 435 (1965). Here, the only exceptions mentioned in the constitution are capital offenses.

Consequently, we conclude that § 16–8–112(3) does not absolutely preclude the release on bail of a person who is determined to be incompetent and charged with a violent crime. The amount and conditions of bail, however, lie within the discretion of the trial court. Crim.P. 46; *Balltrip v. People*, 157 Colo. 108, 401 P.2d 259 (1965).

Order setting bail for defendant affirmed.

TURSI and CRISWELL, JJ., concur.