Cody MARTELL, Petitioner–Appellant,

v.

The COUNTY COURT OF the COUNTY OF SUMMIT, State of Colorado, and the Honorable David R. Lass, the judge thereof, Respondents–Appellees.

No. 91CA1521.

Colorado Court of Appeals, Div. III.

Oct. 8, 1992.

Rehearing Denied Nov. 27, 1992.

Certiorari Denied July 6, 1993.

Letofsky, Stromer, & Dombrowski, Steven F. Letofsky, Frisco, for petitioner-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and David C. Feola, Asst. Atty. Gen., Denver, for respondents-appellees.

Opinion by Judge ROTHENBERG.

Petitioner, Cody Martell, appeals from the judgment of the trial court dismissing his complaint. We affirm in part, reverse in part, and remand with directions.

In September 1990, Martell was arrested on domestic violence charges and alcohol-related misdemeanors including disorderly conduct, harassment, menacing, possession of drug paraphernalia, and driving while intoxicated.

At his advisement, the county court set bail at $1,250 and imposed several conditions on Martell's corporate surety bond which the court read to him. The relevant conditions were that: (1) Martell and/or his agents were to have no contact with the victim, her family members, or witnesses; (2) Martell was not to harass, molest, assault, threaten, intimidate, or retaliate against the victim, her family members, or witnesses; (3) he was excluded from the family residence; (4) he was ordered to contact Alternative Directions For Abusive Men for a counseling evaluation; (5) he was to abstain from the consumption of alcohol and/or any illegal drugs; (6) he was to surrender any dangerous weapons to the sheriff; and (7) he was not to be arrested and/or charged in connection with any subsequent criminal offense. The conditions stated that Martell would be arrested immediately if he failed to abide by them.

In October 1990, the district attorney filed a motion to revoke bond, alleging that Martell had violated several conditions of bond by harassing and threatening the victim. Martell filed a motion to dismiss the district attorney's revocation motion, claiming that the court lacked authority to impose additional conditions on him and that the additional conditions violated his right to bail and right to due process.

The county court denied Martell's motion to dismiss, finding, *inter alia*, that § 16-4-

103(2), C.R.S. (1986 Repl.Vol. 8A) and §§ 16–4–105(1)(d), (h), (j), and (k), C.R.S. (1986 Repl.Vol. 8A) authorized the court to impose the additional conditions and that the additional conditions did not violate Martell's constitutional rights because he had been released from incarceration, he could assist in preparing his defense, and he retained the presumption of innocence as to the final charges.

In so ruling, the county court also stated that it would modify the conditions if, after Martell's counseling evaluation, his counselor determined that Martell would not harass or threaten the victim or witnesses.

At the conclusion of the hearing, the county court found that Martell had violated three of the additional conditions imposed by the court and it revoked Martell's bond for three days. The court also increased Martell's bond to $5,000 and reimposed the same conditions as existed on the original bond.

Thereafter, Martell filed a complaint pursuant to C.R.C.P. 106 in the district court. He did not appeal the county court's factual findings that he had violated several of the additional bond conditions imposed upon him. Rather, he claimed that the county court had abused its discretion or exceeded its jurisdiction in imposing the additional bond conditions in the first place, and then in ordering his incarceration for violating those conditions. Martell also claimed a violation of his constitutional rights.

In November 1990, the county court modified its earlier order by setting aside Martell's three-day incarceration.

Following a hearing, the district court dismissed Martell's complaint pursuant to C.R.C.P. 106. It concluded that the additional conditions imposed by the county court were reasonably related to the permissible objectives of preventing Martell from committing felonies during his release, assuring his appearance, and advising him of certain statutory restrictions. However, the district court amended the conditions to state that Martell *could* be arrested for violation of the additional bond

conditions, not that he *would* be arrested for any violations.

## I.

Martell first contends the district court erred in concluding that the county court had authority to impose the additional conditions. We agree in part and disagree in part.

Although an accused has a constitutional right to bail in noncapital cases, Colo. Const. Art. II, § 19, the trial court has the discretion to set the amount and conditions of bail, subject to statutory limitations. *People v. White*, 819 P.2d 1096 (Colo.App. 1991). *See People v. Sanders*, 185 Colo. 153, 522 P.2d 735 (1974).

Section 16–4–103(2) provides:

A condition of every bail bond and the only condition for a breach of which a surety or security on the bail bond may be subjected to forfeiture, is that the released person appear to answer the charge against him at a place and upon a date certain.... Further conditions of every bail bond shall be that the released person not commit any felony while at liberty on such bail bond and that the court in which the action is pending have the power to revoke the release of the defendant, to increase the bail bond, or to change any bail bond condition if it is shown that a competent court has found probable cause to believe that the defendant has committed a class 1, 2, 3, or 4 felony while released pending adjudication of a prior felony charge. *In addition, the judge may impose such additional conditions upon the conduct of the defendant as will, in the judge's opinion, render it more likely that the defendant will fulfill the other bail bond conditions. These additional conditions may include submission of the defendant to the supervision of some qualified person or organization....* (emphasis added)

In determining the bond, the court must consider such criteria as the nature of the offense with which the defendant is charged, the apparent probability of convic-

tion and the likely sentence, any facts indicating the possibility of violations of law if the defendant is released without restrictions, and any facts indicating a likelihood that there will be an intimidation or harassment of possible witnesses by the defendant. Section 16–4–105(1)(h), (j) & (k), C.R.S. (1986 Repl.Vol. 8A).

The additional conditions imposed by the county court are modeled after the ABA Standards for Criminal Justice which our supreme court has expressly approved. *See Lucero v. District Court,* 188 Colo. 67, 532 P.2d 955 (1975); *People v. Sanders, supra. See generally* ABA, Standards for Criminal Justice, Standards 10–5.1 through 10–5.14 (2d ed. 1986).

ABA, Standards for Criminal Justice, Standard 10–5.2 (2d ed. 1986) provides:

> Upon a finding that release on the defendant's own recognizance is unwarranted, the judicial officer should impose the least onerous of the following conditions necessary to assure the defendant's appearance in court, *protect the safety of the community, and prevent intimidation of witnesses* and interference with the orderly administration of justice.
>
> . . . .
>
> (c) *impose reasonable restrictions on the activities, movements, associations,* and residences *of the defendant,* including prohibitions against the defendant approaching or communicating with particular persons or classes of persons and going to certain geographical areas or premises;
>
> (d) prohibit the defendant from possessing any dangerous weapons ... or using intoxicating liquors or certain drugs.... (emphasis added)

In the commentary to Standard 10–5.2, the authors state in relevant part:

> This standard is not intended to be an exhaustive compilation of the possible conditions a judge can impose.... A judge should attempt to tailor the conditions of release to the problems of the individual defendant so as to best recognize the defendant's interest in pretrial

freedom with the community's legitimate concern for safety and the integrity of the trial process.

Here, the county court found the additional conditions were reasonable because they tended to assure Martell's appearance, they would prevent him from committing felonies during his release, and they would prevent intimidation or harassment of the witnesses and victim. We agree that most of the conditions do perform these functions. However, in our view, two of the conditions are too broad.

 First, the condition that Martell and his agents have no contact with the victim is reasonably related to the statutory criterion that the court protect possible witnesses and victims from intimidation or harassment by the defendant. However, it also interferes with Martell's right to have his counsel effectively represent him at trial by investigating the facts surrounding the alleged event and preparing for trial. Thus, insofar as the court precluded Martell's attorney from contacting the victim, her family, or other witnesses, and interviewing them with their consent, the court order impermissibly infringes upon Martell's right to effective assistance of counsel. However, in view of the allegations of harassment and threats against the victim, her family, and witnesses, we reject Martell's contention that he personally has the right to any contact with such persons.

 Second, we conclude that the trial court erred in ordering Martell to counseling for abusive men as a condition of bond. We agree with the trial court that counseling is a sensible idea in view of the allegations of domestic violence, and it may well be an option to consider at sentencing if Martell is later convicted. However, since such counseling may encourage or even require participants to admit their abusive behavior, mandatory counseling before conviction implicates an accused's Fifth Amendment privilege against self-incrimination and the presumption of innocence. *See Lefkowitz v. Cunningham,* 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977); *Cf. State v. Imlay,* 813 P.2d 979 (Mont.1991),

*cert. granted,* —— U.S. ——, 112 S.Ct. 1260, 117 L.Ed.2d 489 (1992) (defendant's Fifth Amendment privilege against self-incrimination violated by requirement that he admit his guilt after conviction as a condition of probation).

██ We also reject the contention that § 16–4–103(2) allows mandatory counseling as a condition of bond. That section provides the additional conditions imposed by the court "may include submission of the defendant to the *supervision* of some qualified person or organization...." (emphasis added). The purpose of such supervision is to make sure that the accused person obeys the court's orders relating to bond. Thus, for example, if a condition of bond is to refrain from the use of drugs or alcohol, supervision may include drug or alcohol testing. However, we hold that "supervision" under § 16–4–103(2) does not include mandatory counseling.

In so holding, we distinguish the instant case from those arising under the Children's Code in which the courts have ordered counseling for abusive parents following adjudications of dependency or neglect. In such cases, the court-ordered counseling is normally part of a treatment plan required by the Children's Code. *See* § 19–3–111(1)(e), C.R.S. (1986 Repl.Vol. 8B).

Moreover, in *People v. District Court,* 731 P.2d 652 (Colo.1987), our supreme court also held that § 19–3–111, C.R.S. (1986 Repl.Vol. 8B) of the Children's Code implicitly authorized the district court to issue protective orders which, with limited exceptions, prohibited the district attorney and law enforcement officials from using in any criminal or civil proceeding any statements made by the parents to therapists or social workers during the course of the court-ordered counseling. *See H.B. v. Lake County District Court,* 819 P.2d 499 (Colo.1991); *People in Interest of E.W.,* 780 P.2d 32 (Colo.App.1989).

We do not construe the bond statute in issue here as conferring the same broad authority found in the Children's Code.

In summary, we conclude, as did the district court, that the county court did not abuse its discretion or exceed its authority in imposing the additional conditions to Martell's bond, except for: (1) the condition prohibiting Martell's attorney from contacting witnesses for the purpose of investigating the case; and (2) the condition that Martell obtain counseling before conviction.

In light of this conclusion, and considering the fact that the record contains competent evidence that Martell violated the permissible additional conditions of bond, we need not address his additional contention that the county court abused its discretion or exceeded its jurisdiction when it revoked his bond for violating the additional conditions. *See Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304 (Colo.1986) (a court has not abused its discretion if there is competent evidence in the record to support its decision).

## II.

██ We also reject Martell's contention that the court violated his right to due process when it imposed the additional bond conditions.

More specifically, he contends that his due process rights were violated because the county court routinely imposed these conditions in all domestic violence cases. However, the district court found that there was no competent evidence in the record to support Martell's contention.

Since Martell has provided this court only with the county court's findings of fact and conclusions of law, and has not included in the record on appeal a transcript of the county court hearing, we must assume that the district court's findings were correct. *See People v. Wells,* 776 P.2d 386 (Colo.1989) (it is presumed that material portions omitted from the record support the judgment).

The judgment is affirmed in part, reversed in part, and the cause is remanded to the district court with directions to remand to the county court to vacate only those portions of the terms and conditions of Martell's bond that prohibit his attorney from contacting the victim, her family, and

witnesses, and that require Martell to undergo counseling.

SMITH and CRISWELL, JJ., concur.