**In re MASON.**

[Cite as *In re Mason* (1996), 116 Ohio App.3d 451.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

Nos. 96 C.A. 198 and 96 C.A. 199.

Decided Dec. 13, 1996.

*Don L. Hanni,* for petitioner.

*James A. Philomena,* Mahoning Prosecuting Attorney, *Michele G. Cerni,* Assistant Prosecuting Attorney; and *Jeffrey Limbian,* Youngstown City Prosecutor, for respondent.

*Per Curiam.*

A petition in habeas corpus was filed in case No. 96 C.A. 198 in response to an order filed November 1, 1996 wherein Judge Maureen Cronin revoked petitioner's bail. As noted in the court's entry:

"Prosecutor requests the bond on the carrying concealed weapon charge be increased because of new grand jury indictments on 2 counts of attempted murder and an outstanding warrant from the city of Youngstown. Attorney Stu Banks argued against change in bond. Based on defendant's prior history of

failing to appear and pending indictment of aggravated felonies of the first degree, defendant's bond is revoked."

The focus in deciding this habeas petition is the right of a trial court to *revoke* bail pending trial, not the traditional approach that habeas corpus petitions inquire into alleged unlawful detainment or excessive bail.

█ It is uncontroverted that there is an absolute right to reasonable bail in all criminal matters except capital offenses.

Section 9, Article I of the Ohio Constitution provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumptions great. Excessive bail shall not be required * * *."

Crim.R. 46(A) provides:

"Purpose of and Right to Bail. The purpose of bail is to ensure that the defendant appears at all stages of the criminal proceedings. All persons are entitled to bail, except in capital cases where the proof is evident or the presumption great."

Crim.R. 46(C) provides for imposition of conditions necessary to ensure a defendant's appearance at trial:

"Where a judge or magistrate so determines [that bond in a specified amount will not ensure the appearance of the person as required], he or she, either in lieu of or in addition to the preferred methods of release * * *, shall impose * * * conditions of release that will reasonably ensure the appearance of the person for trial * * *."

The underlying premises of both the Ohio and United States constitutional provisions entitling an accused to bail are multifaceted. It is a long–settled principle that an accused is innocent until proven guilty. In order to afford the accused an opportunity to prepare an unfettered defense, the Eighth Amendment to the United States Constitution expressly prohibits excessive bail, while Section 9, Article I of the Ohio Constitution has been uniformly interpreted to expressly mandate the allowance of bail for noncapital cases.

█ At the same time the court must preserve the integrity of the judiciary by establishing bail so as to ensure the accused's presence at all criminal proceedings. The rights of an accused must therefore be balanced against the state's compelling interest in maintaining the proper functioning of the judiciary.

█ In the present matter, the trial court became aware of information subsequent to the allowance of bail that reasonably warranted the action taken to revoke bail under the court's inherent authority to ensure the integrity of the

judicial process. It is reasonable that once a judge becomes aware of charges of attempted murder and witness intimidation, one of the most reasonable ways that the persons in these actions pending before a court can be protected is by revoking bail and detaining the person attempting to thwart the proper functioning of the criminal justice system. It would almost seem that the court could be abusing its discretion if it did not revoke bail under such serious circumstances.

■ The fact that the court did not expressly state as conditions to bail that petitioner not violate criminal provisions of the Revised Code is immaterial. These inherent conditions exist for every allowance of bail. Any conditions that a court may attach to bail are not in lieu of the criminal provisions of the Revised Code, but in addition to them. These are conditions by which all citizens of the state are bound, regardless of status. Where persons are charged with a crime, they are arrested and indicted pursuant to constitutional and statutory procedures of the state, and allowed bail upon conditions deemed necessary by the court. Where an accused is free on bail, however, and the court determines that the accused has violated conditions of bail, whether the conditions be express or implied, the accused is subject to the court's sanctioning authority for violation of the conditions, including revocation of bail.

In *United States v. Graewe* (1982), 689 F.2d 54, the Sixth Circuit Court of Appeals, in a *per curiam* opinion, addressed the balancing test between the Eighth Amendment and Section 3146, Title 18, U.S.Code, which virtually mirrors Section 9, Article I of the Ohio Constitution, and the trial court's interest in "protecting the administration of justice from abuses, oppression and injustice." In supporting the trial court's inherent authority to revoke pretrial bail, the court reasoned that by protecting witnesses before trial through a defendant's detention, the court is encouraging those witnesses and other potential witnesses to come forward and provide information helpful to the implementation of justice. *Id.* at 57.

Specifically, the court stated:

"The court's interest in efficient criminal prosecution and the gathering of witnesses demands precautions to ensure that the proceedings move expeditiously and in accordance with due process. The extension of inherent powers to deny bail during trial to the pre-trial period recognizes that unless the witnesses are protected before trial they and their testimony will not be available at trial. It also recognizes that the court's interests in the integrity of its own processes and the fair administration of justice are not confined to trial but to all proceedings. By protecting witnesses before trial through a defendant's detention, the court is encouraging those witnesses and other potential witnesses to come forward and provide information helpful to the implementation of justice." *Id.*

We conclude that petitioner, upon being allowed reasonable bail, breached inherent conditions of bail so as to jeopardize the proper functioning of the judiciary in the trial process and is thus subject to sanctions of the trial court commensurate with the violation of conditions of bail.

The petition in case No. 96 C.A. 198 is denied.

The habeas corpus petition filed in case No. 96 C.A. 199 relates to criminal charges filed in common pleas case Nos. 96–CR–734, 96–CR–735 and 96–CR–736.

On October 3, 1996, the common pleas court modified the previously set bail to allow a $50,000 personal appearance bond with ten percent cash.

Subsequently, on October 18, 1996, petitioner was indicted in case No. 96–CR–734 on two counts of attempted murder and one count of witness intimidation. The criminal charges initially filed in case Nos. 96–CR–735 and 96–CR–736 were brought forward under case No. 96–CR–734, resulting in multiple serious felony charges under one indictment.

Thereafter, on motion of the state, a different common pleas court judge increased bail to $600,000, corporate surety only. The trial judge to which the cases were assigned was unavailable on the day set for hearing on the motion.

Under the facts as they were presented at the hearing, it is readily apparent that the original setting of bail at $50,000 was done without the judge's knowledge of the additional witness–intimidation charge and notations on the petitioner's record of failure to appear.

Evidence was presented at a hearing before this court by an assistant county prosecutor that he had been called to stand in at the first bond hearing and had no file or record on the petitioner at that time. In addition, this assistant prosecutor did not object to the setting of bail as requested.

Subsequent to indictment a different trial judge had knowledge of petitioner's history of failure to appear as well as an additional witness–intimidation charge.

Therefore, we find that the trial court acted within its discretion in setting bail at $600,000, corporate surety.

The petition for habeas corpus in case No. 96 C.A. 199 is denied.

*Petitions denied.*

DONOFRIO and COX, JJ., concur.

JOSEPH E. O'NEILL, P.J., dissents.

JOSEPH E. O'NEILL, Presiding Judge, dissenting.

I respectfully dissent from the opinion rendered by the majority.

In that opinion the majority relied heavily on law expressed in *United States v. Graewe* (C.A.6, 1982), 689 F.2d 54. There is a material difference between these cases and the *Graewe* case. In *Graewe*, before the trial court revoked bail, an evidentiary hearing was conducted. A witness called on behalf of the government testified on direct examination and cross-examination. No such procedure was followed in these cases. When the trial court in *Graewe* arrived at its decision, he specifically stated that his decision was based on evidence presented at the evidentiary hearing. Basic fairness demands that before bail is revoked or increased extensively because of whispers or rumors on the part of government, the defendant should be afforded the opportunity to face his accusers and cross-examine them.

I would order the trial courts to conduct evidentiary hearings prior to revocation or increase in bail.