# DWAYNE TOBAL, Appellant/Defendant
## v.
# PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff

S. Ct. Crim. No. 2008-070

Supreme Court of the Virgin Islands

February 11, 2009

ROBERT A. WALDMAN, ESQ., Hamm & Barry, St. Croix, USVI, *Attorney for Appellant.*

TIFFANY V. ROBINSON, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(February 11, 2009)

PER CURIAM. Appellant, Dwayne Tobal (hereafter "Tobal"), appeals from a Superior Court order denying his Motion for Reduction in Bail and Release from Custody to a Third Party Custodian and granting the Motion for Pre-Trial Detention brought by Appellee, the People of the Virgin Islands (hereafter "the People"). For the reasons which follow, we will reverse the trial court's order and remand for a determination consistent with our decision in *Browne v. People*, 50 V.I. 241 (V.I. 2008), *cert. denied*, No. 08-4186 (3d Cir. Oct. 29, 2008), and the holdings herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At approximately 12:00 p.m., on July 16, 2008, the Peter's Rest branch of the Bank of St. Croix in Christiansted, St. Croix was robbed. According to witnesses, the robber wore a black t-shirt, black pants, black boots or sneakers, a black ski mask, and a black jacket or bullet proof vest with a police insignia on it, and carried a black gun and what appeared to be a black laptop case. The robber ordered the bank tellers to deposit money into the case, forced the customers to turn over their jewelry, and then stole a large amount of money from the bank vault, which the tellers opened after the robber fired his gun into the air. The robber subsequently fled the crime scene after stealing a customer's rental car.

One of the witnesses, a bank teller, informed the detective investigating the robbery that the robber resembled Shane or Dwayne Tobal, two brothers who cash their paychecks at the bank every week. The police obtained an arrest warrant within twelve hours of the robbery, based in part upon statements from the witnesses to the robbery. Tobal was charged with seven counts of robbery in the first degree, seven counts of assault in the first degree, seven counts of assault in the third degree, one count of reckless endangerment in the first degree, one count of possession of a firearm during the commission of a crime of violence, one count of unauthorized use of a vehicle, one count of grand larceny, and one count of possession of stolen property. Bail was set at $500,000. At the advice of rights hearing, the judge found probable cause for Tobal's arrest and kept the bail at $500,000. Unable to post bail, Tobal was sent to Golden Grove Correctional Facility, where he is currently incarcerated awaiting trial.

On July 22, 2008, Tobal filed his Motion for Reduction in Bail and Release from Custody to a Third Party Custodian with accompanying affidavits from his co-workers, purporting to place Tobal at work at the time of the robbery. A hearing was set for the following day. At the hearing, the People orally moved for a detention hearing, causing the judge to reschedule the hearing for July 25, 2008. On July 24, 2008, the People filed its "Opposition to Defendant's Motion for Release & Motion for Pre-Trial Detention" and its "Memorandum in Support of Motion for Pre-Trial Detention Based on Danger to the Community and Risk of Flight." On the date of the hearing, Tobal filed his Opposition to the People's Motion for Detention Prior to Trial Pursuant to [title 5, section 3504a of the Virgin Islands Code].

During the hearing, both parties introduced the affidavits of various witnesses and elicited in-court testimony. At the conclusion of the hearing, the trial judge stated that he would "be taking [the matter] under advisement on the defense motion for reduction of bail." (Trial Tr., 70, July 25, 2008.) On August 12, 2008, the trial court issued an order that denied Tobal's Motion for Reduction in Bail and Release from Custody, granted the People's Motion for Pre-Trial Detention, and detained Tobal without bail pending trial, pursuant to title 5, section 3504a of the Virgin Islands Code (hereafter "the local detention statute") and the Bail Reform Act of 1984 (hereafter "the BRA").[1]

On August 18, 2008, Tobal filed a notice of appeal in the Superior Court and a Motion for Expedited Appeal in this Court. On September 8, 2008, we granted the Motion for Expedited Appeal.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a). In particular, "[a]n appeal by a defendant . . . pursuant to section 3504a, of title 5 of the Virgin Islands Code or other provision of law, shall lie to the Supreme Court from a decision or order, entered by the Superior Court, detaining a person charged with or convicted of an offense . . . [and t]he appeal shall be determined promptly." 4 V.I.C. § 33(d)(4).

Criminal appeals pursuant to title 4, section 33(d)(4) of the Virgin Islands Code "shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted." 4 V.I.C. § 33(d)(5). In this case, the order appealed from was entered on August 12, 2008 and Tobal's notice of appeal was filed on August 18, 2008. Accordingly, this appeal is timely.

Our review of the Superior Court's application of law is plenary. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). In particular, we exercise plenary review of questions of statutory construction. *V.I. Pub. Servs. Comm'n v. V.I. Water and Power Auth.*,

---

[1] The BRA is codified at title 18, sections 3141-3156 of the United States Code.

49 V.I. 478, 482 (V.I. June 9, 2008). Additionally, to the extent that Tobal challenges the sufficiency of the evidence leading to his pretrial detention, we review the trial court's findings *de novo*. *See Browne v. People*, 50 V.I. at 247. Findings of fact, however, are reviewed only for clear error. *Daniel*, 49 V.I. at 329.

## B. The Legislature Lacked the Authority to Enact the Detention Provision of Title 5, Section 3504a of the Virgin Islands Code

Before determining that Tobal should be detained pursuant to the local detention statute and inconsistent treatment by the judges of the Superior Court of the Virgin Islands. In order to accelerate judicial review of this issue, the trial judge expressly stated the four conclusions of law upon which his decision to detain Tobal was based:

1. Federal [BRA] is applicable to both bail and detention determinations in Superior Court proceedings.
2. [The local detention statute] was and is a valid exercise by the Legislature of the Virgin Islands' (sic) of its statutory authority pursuant to both federal law and the Revised Organic Act.
3. Rule 141 of the Superior Court of the V.I. was and is a valid exercise of judicial rule-making authority conferred by Sections 3 and 8(a) of the Revised Organic Act.
4. None of the above provisions are repugnant to or inconsistent with each other or any applicable federal law, including the Revised Organic Act of the V.I.

(Mem. Op. 11.) In addition, the trial judge, citing to *United States v. Kenny*, 603 F. Supp. 936 (D. Me. 1985), concluded that there is no absolute right to bail prior to or during trial in the Virgin Islands. (*Id.* at 13.)

### 1. The Impact of *Browne* upon the Trial Judge's Conclusions of Law

A few weeks after the trial judge's decision in this case, this Court issued its decision in *Browne*, 50 V.I. 241, wherein the Court was called upon to determine the applicability of the bail provision in section 3 of the Revised Organic Act (hereafter "the ROA"), the local detention statute, and the BRA to defendants charged with first degree murder in Virgin Islands courts. Section 3 of the ROA, known as the "Bill of Rights," provides, *inter alia*, that "[a]ll persons shall be bailable by sufficient sureties in the case of criminal offenses, except for first degree murder or

 

any capital offense when the proof is evident or the presumption is great." The Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86 (1995) (preceding V.I. CODE ANN. tit. 1). The local detention statute also purports to govern pretrial detention of defendants charged with murder in the first degree, as well as those charged with "rape in the first degree, arson in the first degree, robbery in the first degree, burglary in the first degree, kidnapping for ransom, [and] drug trafficking." 5 V.I.C. § 3504a(a)(1) (1982).

 In *Browne*, this Court ultimately held that "section 3 of the ROA governs the issue of pretrial detention for first degree murder defendants in local Virgin Islands courts, and that title 5, section 3504a is inapplicable to the extent that it purports to grant pretrial bail for defendants charged with first degree murder in the Superior Court under Virgin Islands law where the proof is evident or the presumption great." 50 V.I. at 258. Accordingly, contrary to the trial judge's second conclusion of law, we held that the Legislature lacked the authority to provide in the local detention statute for pretrial release of defendants charged with first degree murder where the proof is evident and the presumption great; and, contrary to the judge's fourth conclusion, we held that the local detention statute is inconsistent with section 3 of the ROA, at least as it relates to defendants charged with first degree murder where the proof is evident or the presumption great. Additionally, counter to the trial judge's first conclusion of law, we held in *Browne* that "the BRA is not applicable to cases tried in the Superior Court except as provided for in Superior Court Rule 141"[2] and that "the appropriate provisions of the BRA merely guide trial judges with respect to the *release* of defendants pending trial, but not

---

[2] Superior Court Rule 141 reads, in relevant part:

(a) All persons shall, before conviction, be bailable by sufficient sureties approved by a judge . . .

(b) Whenever a person charged with an offense is before a judge of this court for release on bail prior to trial, pursuant to these rules, *the judge shall, in considering the release of such person, be guided by and apply the appropriate provisions of "The Bail Reform Act", Public Law 98-473, October 12, 1984, 18 U.S.C. secs. 3141-3156 (1985), which Act is by this reference incorporated into and made a part of these rules.*

(c) Bail and other conditions of release shall be ordered in any of the following categories, except as otherwise provided for serious felony offenses . . .

(emphasis added).

with respect to the *detention* of such defendants." *Id.* (emphasis in original).

■ Finally, this Court also considered in *Browne* whether there is a right to bail in the Virgin Islands. Specifically, we stated:

> The United States Supreme Court has held that the excessive bail clause of the Eighth Amendment to the United States Constitution does not guarantee a right to bail in all cases. *See U.S. v. Salerno*, 481 U.S. 739, 752-54, 107 S. Ct. 2095, 2104-05, 95 L. Ed. 2d 697 (1987). However, by simultaneously enacting the Judiciary Act of 1789, which was the forerunner of the BRA, Congress granted the right to pretrial bail for defendants charged with noncapital federal crimes in federal courts. *See* Act of Sept. 24, 1789, ch. 20, § 29, 1 Stat. 88. *Evidencing an intent to ensure that Virgin Islands defendants were also guaranteed an explicit right to bail, Congress, in addition to en-acting the Eighth Amendment's excessive bail prohibition language in the ROA, enacted the bail provision in section 3 of the ROA . . . .*

50 V.I. at 256. (emphasis added). Therefore, by the plain language of section 3 of the ROA, all defendants, other than those charged with first degree murder where the proof is evident or the presumption great, are bailable by sufficient sureties. *See id.* at 248.

## 2. The Meaning of "Bailable by Sufficient Sureties"

Although we recognized in *Browne* that section 3 of the ROA guarantees a right to bail by sufficient sureties for all defendants not charged with first degree murder where the proof is evident or the presumption great, this Court did not determine the extent of the right to bail, as that question was not before us. However, we must now decide whether the local detention statute infringes upon the ROA's express right to bail, and, in so deciding, we consider whether the ROA's language "bailable by sufficient sureties" bestows a right to pretrial bail for all defendants not charged with first degree murder where the proof is evident or presumption great.

As discussed above, the local detention statute provides for pretrial detention of defendants charged with rape in the first degree, arson in the first degree, robbery in the first degree, burglary in the first degree, kidnapping for ransom, drug trafficking, and — following our decision in

*Browne* — first degree murder where the proof is not evident and the presumption not great. Pursuant to the statute, a trial judge may detain a defendant charged with the above offenses if:

> the government certifies by motion that, based on the person's pattern of behavior consisting of his past and present conduct, the nature and circumstances of the offense charged, the weight of the evidence presented, his family ties, employment, financial resources, character and mental condition, length of residence in the community, record of convictions, and any record of appearance at court proceedings, flight to avoid prosecution or failure to appear at court proceedings, there is no one condition or combination of conditions which will reasonably assure the safety of the community or, particularly in the case of a person charged with drug trafficking, that the person charged will appear for trial.

5 V.I.C. § 3504a(a)(1). Before detaining the defendant, the judge must find:

> (1) that there is clear and convincing evidence that the person is a person described in subsection (a); (2) that there is no one or combined conditions which will reasonably assure the safety of any other person or the community or, particularly with respect to a person charged with drug trafficking, that the person charged will appear for trial; and (3) that, except with respect to a person described in subsection (a)(2), on the basis of information by proffer or otherwise there is a substantial probability that the person committed the offense for which he is present before the court.

5 V.I.C. § 3504a(c). However, "upon the expiration of sixty calendar days ... [a] person detained under subsection (c) shall be treated in accordance with the rules of criminal procedure for release on bail . . . ." 5 V.I.C. § 3504a(d)(2).

In this case, Tobal was charged with first degree robbery, among other offenses. After finding that no condition or combination of conditions would reasonably assure Tobal's appearance at trial or the safety of the community, the trial judge revoked the $500,000 bail and detained Tobal

pending trial pursuant to both the local detention statute and the BRA.[3] On appeal, Tobal argues that such pretrial detention violates the right to bail by sufficient sureties contained in section 3 of the ROA, as affirmed by this Court in *Browne*.

In *Browne*, we surveyed the many jurisdictions with bail provisions similar to section 3 of the ROA to determine the definition of "the proof is evident or the presumption is great." *See* 50 V.I. at 261 n.23-25. An additional survey of the relevant jurisdictions reveals that a vast majority interpret "bailable by sufficient sureties" as prohibiting judges from denying pretrial bail for offenses other than certain enumerated ones, usually capital offenses, where the proof is evident or the presumption great.[4] In many of these jurisdictions, whether pursuant to court rule,

---

[3] As stated above, however, *Browne* held that the trial court may not apply the BRA's *detention* provisions for Virgin Islands defendants charged with offenses in local courts.

[4] *See, e.g., Martin v. Alaska*, 517 P.2d 1389, 1394 (Alaska 1974) ("Our study of Article I, section 11 thus compels a conclusion that the Alaska Constitution without doubt guarantees to every accused person the right to be released on bail except for capital offenses where the proof is evident or the presumption great. Some jurisdictions with similar bail provisions have created an implied limitation on this constitutional right. But in Alaska such an implied limitation would necessarily contravene both the plain language of this constitutional provision and its intended purpose as stated at the constitutional convention. . . . The [Legislature's] intent seemingly was to permit a judicial officer to consider 'danger to the community' as a factor in setting bail. The legislature could not, of course, infringe upon the constitutional right of bail."); *Henley v. Taylor*, 324 Ark. 114, 918 S.W.2d 713, 714 (1996) ("As can be seen from the constitutional provision and the criminal procedure rule, a non-capital defendant's absolute right to bail may only be curbed by the setting of certain conditions upon his release, and not its complete denial."); *Palmer v. District Court of Denver*, 156 Colo. 284, 398 P.2d 435, 437 (1965) ("The mandate of the constitutional provision is that persons charged with offenses are bailable with the one exception mentioned. . . . 'Proofs may be required in determining the amount of bail, but the right thereto is no longer a matter of judicial inquiry or discretion' . . . Bail should not be 'more than will be reasonably sufficient to prevent evasion of the law by *flight* or concealment'; it should be 'reasonably sufficient to secure the prisoner's presence at the trial.' ") (emphasis in original); *Connecticut v. Menillo*, 159 Conn. 264, 268 A.2d 667, 670 (1970) ("[T]he bail provision of [section 8] of article first of our constitution makes clear that it was intended that in all cases, even capital case[s] not falling within the exception, bail in a reasonable amount should be ordered. This is reinforced by a further provision in the same section of our constitution prohibiting a requirement of 'excessive bail', which thus prevents a court from fixing bail in an unreasonably high amount so as to accomplish indirectly what it could not accomplish directly, that is, denying the right to bail."); *Samm v. Indiana*, 893 N.E.2d 761, 766-67 (Ind. Ct. App. 2008) ("The [constitutional] language is clear and unambiguous; aside from the listed qualified exceptions, the section provides an unequivocal right to have bail set pending trial. . . . [The relevant statute provides that] '[b]ail may not be set higher than that amount reasonably required to assure the defen-

statute, or constitutional provision, judges may consider the risk of flight,

dant's appearance in court or to assure the physical safety of another person or the community if the court finds by clear and convincing evidence that the defendant poses a risk to the physical safety of another person or the community.' "); *Ex parte Ball*, 106 Kan. 536, 188 P. 424, 425-426 (1920) ("In order to render inexcusable denial of bail in any murder case, so long as murder is not a capital offense and the Constitution remains unchanged, this opinion is published. . . . 'In all other cases [other than capital offenses where the proof is evident or the presumption great], the admission to bail is a right which the accused can claim, and which no judge or court can properly refuse.' . . . The meaning of the Bill of Rights at the time it was adopted cannot be changed without changing the Constitution itself. This the Legislature is not competent to do."); *Ex parte Burgess*, 309 Mo. 397, 274 S.W. 423, 426 (1925) ("It may be said generally, therefore, that one accused of crime is entitled to bail as an absolute right, subject to the limitation that it should be denied in capital cases where the proof is evident or the presumption great."); *In re Mason*, 116 Ohio App. 3d 451, 688 N.E.2d 552, 552 (Ohio Ct. App. 1996) ("It is uncontroverted that there is an absolute right to reasonable bail in all criminal matters except capital offenses. . . . Crim. R. 46(C) provides for imposition of conditions necessary to ensure a defendant's appearance at trial . . ."); *Brill v. Gurich*, 965 P.2d 404, 405-06 (Okla. Crim. App. 1998) ("The right to freedom before conviction permits the unhampered preparation of a defense and serves to prevent the infliction of punishment prior to conviction. The judges of this State have a duty and responsibility to apply the law and, further, in these matters they must ensure bail is not used as a tool of punishment. Because of the constitutional mandate, bail must be set in a reasonable amount to ensure the presence of an accused at future proceedings, and the denial of bail is allowed under very limited circumstances [for the specific offenses contained in paragraphs 1-5 of the constitutional provision]."); *Mello v. Superior Court*, 117 R.I. 578, 370 A.2d 1262, 1264 (1977) (holding that state constitution provides for pretrial bail as a matter of right where the proof is not evident nor the presumption great, and that rule of criminal procedure and statute allow a judge to place conditions on bail that will assure defendant's appearance at trial and his continuing good behavior while on bail); *Wallace v. Tennessee*, 193 Tenn. 182, 245 S.W.2d 192, 194-95 (1952) ("Under the provision of the Constitution to which we have referred the conclusion seems inescapable that, except in capital cases, the right to bail is mandatory. [I]t is a matter of grave doubt if the trial court is authorized to deny the right of an accused to bail on the ground that he had forfeited a prior bond, even though the court may be convinced that he is trifling with the court, or is otherwise contemptuous of its authority to bring him to trial. The constitutional guarantee of the right to bail contains no exceptions. The State is not without its remedy to bring to trial one who has defaulted on an appearance bond. Where a forfeiture is taken and an application is again made for bail in the same case the trial judge has full authority to require of the applicant a bond with other and additional sureties, as well as to increase the amount of the bond."); *Vermont v. Pray*, 133 Vt. 537, 346 A.2d 227, 229-30 (Vt. 1975) ("A prisoner in this State, unless in execution or for a capital offense, when the proof is evident or presumption great, is bailable as a matter of right. . . . There is nothing in Vermont Constitution, chapter II, section 40, that provides for denial of bail because of a defendant's dangerous propensities. This result is not only mandated by our own constitutional provisions, but is also in line with other jurisdictions which have interpreted similar constitutional provisions and legislative enactments. The purpose of bail, as presently constitutionally mandated, is to assure the defendant's attendance in court, and cannot be a means of punishing the defendant, nor of protecting the public. In determining the amount

danger to society, or both when setting conditions on bail, but may not use such considerations to deny bail entirely. *See, e.g., Palmer v. District Court of Denver*, 156 Colo. 284, 398 P.2d 435, 437 (1965); *Samm v. Indiana*, 893 N.E.2d 761, 766-67 (Ind. Ct. App. 2008); *In re Mason*, 116 Ohio App. 3d 451, 688 N.E.2d 552, 552 (Ohio Ct. App. 1996); *Brill v. Gurich*, 965 P.2d 404, 405-06 (Okla. Crim. App. 1998); *Mello v. Superior Court*, 117 R.I. 578, 370 A.2d 1262, 1264 (1977); *Vermont v. Pray*, 133 Vt. 537, 346 A.2d 227, 229-30 (Vt. 1975).

For example, the Alabama Supreme Court has stated:

> This Court has interpreted [the Alabama constitution] as providing an absolute right to bail in all noncapital cases. . . . "[T]he court may impose the least onerous condition or conditions contained in [our] Rule 7.3(b) that will reasonably assure the defendant's appearance or that will eliminate or minimize the risk of harm to others or to the public at large. The setting of bail is discretionary; however, by constitutional provision, everyone charged with a noncapital offense has the right to bail."

*Ex parte Colbert*, 805 So. 2d 687, 688 (2001) (internal citation omitted). Similarly, the Wyoming Supreme Court has held that the constitutional language "sufficient sureties" may not be interpreted to authorize a judge to order pretrial detention:

> Another argument advanced by the State is that the language of the constitution is sufficiently expansive to provide for pretrial detention when the accused is a flight risk. The State looks to the language that focuses upon "sufficient sureties." The argument is that the sufficiency of potential sureties is to be considered in connection with a bail hearing and, if no surety is perceived to be adequate to compel the accused to reappear for trial, then he may be detained to provide the "sufficient sureties." In presenting this contention, the State appears to invert the applicable concepts relative to constitutional application. The State, in effect, is seeking to invoke an exception to what is a clear extension of a right to bail. . . . There is a clear exception for capital offenses only when the proof is evident or the presumption great, and there is no indication that there is an exception to be found with respect to the

---

of bail, trial judges have wide latitude in imposing conditions.") (internal citations omitted)).

right to bail if the only sufficient surety is detention. . . . We recognize that determining the amount of surety which is sufficient to cause the accused to appear, together with other appropriate conditions for the admission of an accused to bail, is a demanding judicial task, but it is a decision the law requires.

*Simms v. Oedekoven*, 839 P.2d 381, 385 (Wyo. 1992). Section 3 of the ROA likewise requires bail by sufficient sureties and states that such bail may not be excessive. And like the constitutions of Wyoming and the majority of other states, section 3 does not contain a specific exception to the right to bail when pretrial detention would be the only sufficient surety. The only clear exception to the right to bail contained in section 3 is for defendants charged with first degree murder where the proof is evident or the presumption great.

Significantly, several of the jurisdictions holding that the constitutional language prohibits pretrial detention have explicitly declared that the only means by which the legislature may deny bail to non-capital defendants is by amending the state's constitution. For instance, the Minnesota Supreme Court has held that:

> The right to amend the constitution rests exclusively with the people, and, if, constitutionally, bail is to be withheld in cases other than capital offenses at the discretion of the trial court, that change must be brought about by an amendment of the constitution. As the constitution now reads, all crimes are bailable. . . . [U]nder our constitution the court had no discretion except in fixing the amount of bail.

*Minnesota v. Prett*, 253 Minn. 429, 92 N.W.2d 205, 207-09 (1958). *See also Martin v. Alaska*, 517 P.2d 1389, 1396 (Alaska 1974) ("[A] legislative enactment expressly permitting the detention of persons without right to bail would be unconstitutional unless a constitutional amendment were adopted."); *Ex parte Ball*, 106 Kan. 536, 188 P. 424, 426 (1920); *Pray*, 346 A.2d at 230 ("If the constitutional guarantees of bail applicable to the cases at bar are in error, then it is up to the people to effect change, since the right to amend the constitution rests solely with the electorate.").

Notably, the minority of states that allow judges to detain defendants pending trial for non-capital offenses have *not* done so by interpreting the language "bailable by sufficient sureties" to provide authority for such pretrial detention. Rather, they have amended their constitutions to

expressly provide for pre-trial detention for defendants under certain conditions.[5] For instance, California's constitution provides that:

A person shall be released on bail by sufficient sureties, except for:

(a) Capital crimes when the facts are evident or the presumption great;

(b) Felony offenses involving acts of violence on another person, or felony sexual assault offenses on another person, when the facts are evident or the presumption great *and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others*; or

(c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence *that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released.*

Excessive bail may not be required. *In fixing the amount of bail, the court shall take into consideration the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at the trial or hearing of the case. . . .*

CAL. CONST. art. 1, § 12 (amended 1982) (emphasis added). Additionally, Florida's constitution provides express authority for a judge to detain a defendant pending trial where the judge finds that there is a risk of flight or danger to the community if the defendant is granted bail:

Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or

---

[5] In this case, it is the United States Congress, which is the legislative body that enacted the ROA provisions, which would have to amend the ROA to provide for additional exceptions to the right to bail by sufficient sureties. We note, however, that express approval of pretrial detention under specific circumstances may be addressed in the current constitutional endeavors of the Fifth Constitutional Convention.

county ordinance shall be entitled to pretrial release on reasonable conditions. *If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.*

FLA. CONST. art. 1, § 14 (amended 1982)[6] (emphasis added).

█ In light of the fact that the overwhelming majority of states with provisions similar to section 3 hold that the constitutional language "bailable by sufficient sureties" prohibits judges from denying pretrial bail for non-capital defendants, this Court holds that section 3 of the ROA mandates that Virgin Islands judges grant bail in sufficient sureties to all defendants other than those charged with first degree murder where the proof is evident or the presumption great. While it appears that the Legislature intended in the local detention statute to provide for a limited 60-day detention of defendants charged with serious felonies, application of the above widely-held principles leads this Court to conclude that the Legislature violated the ROA by providing in the statute for pretrial

---

[6] *See also* ILL. CONST. art. 1, § 9 (amended 1982 and 1986) ("All persons shall be bailable by sufficient sureties, except for the following offenses where the proof is evident or the presumption great: . . . felon[ies] for which a sentence of imprisonment, without conditional and revocable release, shall be imposed by law as a consequence of conviction, when the court, after a hearing, determines that release of the offender would pose a real and present threat to the physical safety of any person."); PA. CONST. art. 1, § 14 (amended 1998) ("All prisoners shall be bailable by sufficient sureties, unless . . . no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great . . ."); UTAH CONST. art. 1, § 8(1)(c) (amended 1988) ("All persons charged with a crime shall be bailable except . . . persons charged with any other crime, designated by statute as one for which bail may be denied, if there is substantial evidence to support the charge and the court finds by clear and convincing evidence that the person would constitute a substantial danger to . . . the community or is likely to flee the jurisdiction . . . if released on bail."); WISC. CONST. art. 1, § 8, cl. 3 (amended 1981) ("The legislature may by law authorize, but may not require, circuit courts to deny release for a period not to exceed 10 days prior to the hearing . . . to a person who is accused of committing a murder punishable by life imprisonment or a sexual assault punishable by a maximum imprisonment of 20 years . . . The legislature may authorize by law, but may not require, circuit courts to continue to deny release to those accused persons for an additional period not to exceed 60 days . . . if there is a requirement that there be a finding by the court based on clear and convincing evidence presented at a hearing that the accused committed the felony and a requirement that there be a finding by the court that available conditions of release will not adequately protect members of the community from serious bodily harm or prevent intimidation of witnesses. . . .").

detention without bail, in contravention of section 3's constitutional requirement that all defendants — other than those charged with first degree murder where the proof is evident or the presumption great — are bailable by sufficient sureties. Consequently, because it is inconsistent with the bail provision in section 3 of the ROA, we hold that the Legislature lacked the authority to enact the local detention statute, allowing for pretrial detention for 60 days. Accordingly, the local detention statute provision providing for a 60-day detention period is no longer applicable to bail determinations in this jurisdiction. *See* ROA § 8(a) (stating that the Legislature may not enact laws that are inconsistent with the ROA).

## III. CONCLUSION

Because we conclude that section 3 of the ROA mandates pretrial bail for all defendants other than those charged with first degree murder where the proof is evident or the presumption great, we hold that a defendant may no longer be detained pending trial pursuant to title 5, section 3504a of the Virgin Islands Code. Specifically, consistent with our holdings herein and in *Browne*, as well as the law in the overwhelming majority of jurisdictions, we reiterate that a judge may not deny bail completely upon finding that the defendant presents a flight risk or a danger to the community. Rather, when such circumstances are present, the judge may take those facts into consideration when determining the sufficiency of the sureties in setting bail and the conditions to be imposed in connection with the bail as established. Accordingly, we reverse the trial court's order and remand for the trial judge to determine Tobal's bail by sufficient sureties, in accordance with our decision in *Browne* and the holdings herein.

## ORDER OF THE COURT

**AND NOW**, consistent with the reasons outlined in the Opinion of even date, it is hereby

**ORDERED** that the Superior Court order granting Appellee's Motion for Pre-trial Detention of Appellant and ordering Appellant detained without bail pending trial is **REVERSED**; and it is further

**ORDERED** that this matter is **REMANDED** for the trial court to determine Appellant's bail by sufficient sureties, in accordance with this Court's Opinion of even date and its decision in *Browne v. People*, 50 V.I. 241 (V.I. 2008), *cert. denied*, No. 08-4186 (3d Cir. Oct. 29, 2008). It is further

**ORDERED** that copies of this order be directed to the parties' counsel.

**SO ORDERED** this 11th day of February, 2009.