**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**JAHZEEL FENTON, Defendant**

Case No. SX-10-CR-347
Superior Court of the Virgin Islands
Division of St. Croix
May 13, 2015

BRADY, *Judge*

### MEMORANDUM OPINION AND ORDER

(May 13, 2015)

THIS MATTER is before the Court on the People's Motion to Detain Defendant, filed August 4, 2014 ("Motion to Detain"); the People's Supplemental Memorandum in Support of Motion to Detain, filed February 20, 2015 ("Supplemental Memo"); the People's Motion to Revoke Stipulated Pretrial Release Order, filed February 20, 2015 ("Motion to Revoke");[1] Defendant's Opposition to Motion to Detain and

---

[1] The Motion to Detain and the Motion to Revoke both seek the identical relief ("an order detaining the Defendant during the pendency of this matter" and "an Order of Detention") and are functionally equivalent.

to Revoke Stipulated Pre-Trial Release Order, filed February 26, 2015 ("Opposition"); Defendant's Supplemental Memorandum in Opposition to Motion to Detain and to Revoke Stipulated Pre-Trial Release Order, filed April 14, 2015 ("Supplemental Opposition"); and the People's Reply to Supplemental Memorandum, filed April 27, 2015 ("Reply"). The matter came on for hearing on February 10, 2015 ("Detention Hearing"). For the reasons that follow, the People's Motion to Detain is granted. The Motion to Revoke is denied as moot.

## BACKGROUND

Defendant Jahzeel Fenton is charged with, among other crimes, the attempted murder of Jo Ana Lang ("Complainant"). In a videotaped statement made shortly following the March 19, 2010 incident, Complainant initially told detectives with the Virgin Islands Police Department that Defendant shot her. She later recanted her earlier statement by written affidavit of July 8, 2011.

On October 1, 2013, the Court approved the parties' Stipulated Pretrial Release Order ("Release Order") in which Defendant was released into the custody of his mother Herwana Truell and his aunt Herghana Santana, joint third party custodians, to reside at his mother's residence with electronic monitoring. A condition of Defendant's release required that he have no contact, direct or indirect, with Complainant.

By letter dated and received January 7, 2014, and by second letter dated January 10, 2014, received January 13, 2014, Ms. Truell informed the Court that she was unwilling to continue acting as Defendant's third party custodian. Shortly thereafter, in the absence of any proposed substitute third party custodian, Defendant was remanded to the Bureau of Corrections. Since his remand, Defendant has actively sought his release, primarily through handwritten letters he has personally forwarded to the Court despite having court-appointed counsel. More recently, through counsel, Defendant has sought release noting a new acceptable third party custodian and proposing several conditions designed to assure the Court that Defendant will abide by conditions of release, including the prohibition against contacting potential witnesses.

In response to Defendant's submissions attempting to secure pre-trial release, the People filed its Motion to Detain, alleging that Defendant has repeatedly contacted Complainant, and directed others to contact and

threaten Complainant to attempt to coerce her into recanting her statement implicating Defendant.

Complainant testified at the Detention Hearing, via telephonic appearance, to various events that prompted her to contact the People by letter signed June 23, 2014 ("June 2014 Letter"),[2] submitted to the Court thereafter under seal, and to execute her August 4, 2014 Affidavit ("2014 Affidavit"), filed with the People's Motion to Detain. The People presented two other witnesses at the Detention Hearing: Police Officer Aldemar Santos and Detective Sgt. Deborah Jack. Defendant was represented by counsel at the Detention Hearing and cross-examined the People's witnesses. Defendant did not testify, offered no information by proffer and did not call any witnesses on his behalf. *See* 5 V.I.C. § 3504a(b)(3).

At the Detention Hearing, Complainant testified that Defendant had reached out to her through Facebook, using an account bearing a profile picture of someone else. However, Complainant testified that eventually she realized that the person contacting her was Defendant Fenton. He expressed his remorse for her injuries and seemed sincere, providing a cell phone number and urging her to contact him, which she eventually did. Through various phone calls, Defendant threatened and coerced her ". . . to change [her] statement and anticipated testimony regarding the criminal charges filed in this case," resulting in her execution of the July 8, 2011 affidavit recanting her original statement to VIPD detectives. When the People's prosecution continued notwithstanding Complainant's affidavit recanting her original statement, Defendant contacted Complainant again to have her amend the July 8, 2011 affidavit, which Complainant did in September 2011. June 2014 Letter; 2014 Affidavit, ¶¶ 4-6.

Complainant changed her cell phone number in June 2012, but in 2013 females called Complainant's home phone on behalf of Defendant, relaying threats if she didn't do what he said. 2014 Affidavit, ¶ 8. Defendant himself again contacted Complainant in November and December 2013, coercing her by threats to initiate three-way telephone calls to VIPD Sergeant Deborah Jack and to Assistant Attorney General Charlotte Poole Davis, each of whom was unaware of Defendant's

---

[2] The printed date of the letter is June 19, 2014.

416

unannounced presence on the calls. Defendant directed Complainant to request that the People drop the case against Defendant, explaining that she had accidentally shot herself. 2014 Affidavit, ¶ 9.

In January 2014, Defendant called Complainant several times, "became very angry, threatening me if I didn't do what I was supposed to do." Complainant was also contacted more than once by, a female, who later identified herself as Defendant's girlfriend, to reiterate Defendant's demands. 2014 Affidavit, ¶¶ 11-12. On account of Defendant's "continued threats and intimidation," Complainant states that she is "extremely afraid for my safety and the safety of my children." 2014 Affidavit, ¶ 13. As a result of such threats and coercion to change her statement and anticipated testimony, Complainant reached out to the People by the June 2014 Letter to Detective Jack. 2014 Affidavit, ¶ 4; Detention Hearing, February 10, 2015.

## DISCUSSION

As a practical matter, the People's Motion to Detain and its Motion to Revoke serve the same express purpose of revoking the Release Order. Defendant's pretrial release was contingent upon his compliance with certain conditions, including that Defendant "have no contact, directly or indirectly, with any victim or witness in this case." Release Order. The People alleges that Defendant violated that condition and that Release Order should be revoked, effectively detaining Defendant prior to trial. The Court's ruling on the Motion to Detain renders moot the relief sought by Defendant's Motion to Revoke.

An initial issue to be addressed is whether the Virgin Islands Bill of Rights, set out in Section 3 of the Revised Organic Act, permits the revocation of Defendant's bail resulting in his detention prior to trial.[3] V.I. CODE ANN. tit. 5, § 3504a(a)(2) states that a "person charged with any offense may by order of the court be detained upon a hearing as provided for in subsection (b) prior to trial if the person for the purpose of obstructing or attempting to obstruct justice, threatens, injuries or

---

[3] "All persons shall be bailable by sufficient sureties in the case of criminal offenses, except for first degree murder or any capital offense where the proof is evident or the presumption is great." Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, at 86 (1995) (preceding V.I. CODE ANN. tit. 1).

intimidates or attempts to threaten, injure or intimidate any prospective witness or juror."

■ Title 5 V.I.C. § 3504a(a)(2) is similar to provisions of the federal Bail Reform Act (18 U.S.C. § 3142(f)(2)).[4] The Third Circuit has held that "the legislative history of the [Bail Reform] Act repeatedly emphasizes that defendants who have threatened witnesses pose a significant danger and should be detained prior to trial." *United States v. Delker*, 757 F.2d 1390, 1400 (3d Cir. 1985). However, the Supreme Court of the Virgin Islands has made it clear that provisions of the Bail Reform Act, applicable as a guide to cases before the Superior Court relative pretrial *release* pursuant to SUPER. CT. R. 141, are inapplicable to cases dealing with the pretrial *detention* of defendants. *Browne v. People*, 50 V.I. 241, 258 (V.I. 2008).

■ Certain portions of 5 V.I.C. § 3504a have been determined to violate Section 3 of the ROA. "[B]y the plain language of section 3 of the ROA, all defendants, other than those charged with first degree murder where the proof is evident or the presumption great, are bailable by sufficient sureties." *Tobal v. People of the Virgin Islands*, 51 V.I. 147, 153 (V.I. 2009). Yet, *Tobal* did not abrogate 5 V.I.C. § 3504a in its entirety. *Williams v. People of the Virgin Islands*, 53 V.I. 514, 525 (2010).

■ In *Williams*, the Supreme Court reiterated that "section 3 of the ROA mandates that Virgin Islands judges grant bail in sufficient sureties to all defendants other than those charged with first degree murder where the proof is evident or the presumption great." *Williams*, 53 V.I. at 522, quoting *Tobal*, 51 V.I. at 160. Yet, because those prior cases have only abrogated provisions of 5 V.I.C. § 3504a(a)(1) to require that all defendants are bailable, except as delineated in Section 3 of the ROA, the Court finds that 5 V.I.C. § 3504a(a)(2) remains viable and that Defendant's conditions of release are subject to revocation if the People

---

[4] 18 U.S.C. § 3142(f): Detention hearing. The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .

(2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves —

(A) a serious risk that such person will flee; or

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. . . .

meets its burden of proof to establish Defendant is a person described in § 3504a(a)(2) and that issuance of an order of detention is proper under § 3504a(c).[5]

Defendant argues that "the language in § 3504a(a)(2) is similar to the language that was invalidated in § 3504a(a)(1) because it contravened the mandatory bail requirement of the ROA." Supplemental Opposition, 1. According to Defendant, any alleged attempt to obstruct justice should merely be a factor to consider in setting bail and not an automatic bar preventing his pretrial release. *Id.* at 2.

The People argue that *Tobal* does not apply to cases such as this, where the issue before the Court is not whether to detain Defendant without bail, but rather whether, after bail has been granted and conditions of release imposed, bail and those conditions may be revoked for violations of the Release Order. Reply, 1. The Court agrees.

In order for the People to prevail on its Motion to Detain following the Detention Hearing, the Court must find by clear and convincing evidence that Defendant, for the purpose of obstructing or attempting to obstruct justice, threatened, injured or intimidated, or attempted to threaten, injure or intimidate a prospective witness; and that there is no one or combined conditions which will reasonably assure the safety of any other person or the community. 5 V.I.C. § 3504a(c).

█ Federal courts, passing upon pretrial detention under comparable provisions of the Bail Reform Act are instructive. Detention is proper if "no condition or combination of conditions will reasonably assure the safety of any other person and the community." *United States v. Salerno,* 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) (citing 18 U.S.C.S. § 3142(e)).

In *United States v. Gotti,* the District Court concluded that there was

> . . . substantial evidence that John Gotti, after he was admitted to bail, intimidated Piecyk and that if continued on bail John Gotti would improperly influence or intimidate witnesses in this case. The court also

---

[5] This finding is supported by dicta of the Supreme Court in *Browne v. People.* In reviewing the elements the People must prove to successfully detain a defendant charged with first degree murder prior to trial and the exception set out in 5 V.I.C. § 3504a(c), the Court noted: "This exception relates to a witness who threatens or intimidates a witness or juror. *See* 5 V.I.C. § 3504a(a)(2). Such a defendant may be detained prior to trial upon receiving a hearing under section (b)." 50 V.I. at 249, n.5.

finds, for reasons stated above, that no conditions of release will assure that John Gotti will not improperly influence or intimidate witnesses. Since all three judges who sat in the *Melendez-Carrion* case, *supra*, agreed that the Fifth Amendment did not disable the court from detaining a defendant who will probably intimidate a witness, there is no reason to consider under this heading the other ramifications of that decision.

*United States v. Gotti*, 634 F. Supp. 877 (E.D.N.Y. 1986) (citing *United States v. Melendez-Carrion*, 790 F.2d 984 (2d Cir. 1986)).

█ The Court in *United States v. Acevedo-Ramos*, 755 F.2d 203 (1st Cir. 1985) addressed facts similar to this case, specifically the logical need for the ability to detain a defendant if there is sufficient evidence that a defendant has engaged in witness tampering: "We note at the outset two well-established propositions of law. First, bail is not absolute. Where risk of flight is unusually great, a court may deny bail and keep a defendant in custody in order to insure that the trial will take place. The second of these bail exceptions flows logically from the first, for an eventual trial that reflects witness intimidation or jury tampering is as bad as no trial at all." *Id.* at 206 (internal citations omitted) (*see also United States v. Graewe*, 689 F.2d 54 (6th Cir. 1982) (pretrial detention without bail proper where necessary to protect witnesses and judicial process)).

█ In this case, the People must prove by clear and convincing evidence that Defendant, for the purpose of obstructing justice, threatened or intimidated or attempted to threaten or intimidate Complainant, a prospective witness. The Court finds that the People has met this burden.

Through her 2014 Affidavit and testimony at the Detention Hearing, Complainant presented clear and convincing evidence that, on multiple occasions, Defendant attempted to coerce Complainant to disavow the videotaped statement she gave to Police following the incident, and to change her anticipated testimony "demanding that I seek to have the matter dismissed." 2014 Affidavit, ¶4. Complainant testified that Defendant's efforts were partially successful. Complainant did prepare and submit an affidavit recanting her earlier statement implicating Defendant. She testified that she amended the affidavit at Defendant's direction, and made telephone calls to Detective Jack and Assistant Attorney General Poole Davis while Defendant was surreptitiously on the line. However, the People did not dismiss the case against Defendant.

■ ■ Black's Law Dictionary defines "obstruction of justice" as: "Interference with the orderly administration of law and justice, as by giving false information to or withholding evidence from a police officer or prosecutor, or by harming or intimidating a witness or juror." BLACK'S LAW DICTIONARY 1246 (10th ed. 2014). The People has proven by clear and convincing evidence that the communications between Defendant and Complainant of which she testified were "for the purpose of obstructing or attempting to obstruct justice." 5 V.I.C. § 3504a(a)(2).

Complainant's testimony at the Detention Hearing relates multiple contacts between Defendant, personally and through agents, and Complainant, cajoling, coercing, threatening and intimidating Complainant and threatening the lives of her children. Detention Hearing.

Defendant does not challenge any of Complainant's statements and only argues that while ". . . Fenton indeed had contact with the victim . . . the evidence also showed that the contact was voluntary and sometimes initiated by the victim." Opposition, 1. The Court finds by clear and convincing evidence that Defendant threatened and intimidated Complainant, a prospective witness.

Many of these contacts occurred while Defendant was incarcerated, and others were initiated when Defendant was on pretrial release under his mother's supervision. Defendant's failure to comply with the specific condition to refrain from contact with witnesses offers no reasonable assurance that Defendant's present release would result in different behavior. Defendant suggests that an order can be fashioned to insure that he has no direct or indirect contact with Complainant, including specific conditions: that Defendant's residential telephone shall not have available long distance service; that Defendant shall not own or possess a cellular phone; and that Defendant shall not have access to any computer with an internet connection. Opposition, 2. However, Defendant has shown no past willingness to comply with ordered conditions of release. He was able to obtain use of a cell phone and the internet while detained (under more stringent supervision than if released to a third party's custody). Further, Defendant has made contact with Complainant utilizing the services of others. In light of the evidence in the record, the Court finds that there is no one or combined conditions which will reasonably assure the safety of Complainant and her family. 5 V.I.C. § 3504a(c).

On the basis of the foregoing, it is hereby

ORDERED that the People's Motion to Detain is GRANTED, and the conditions of release previously imposed for Defendant are hereby REVOKED. It is further

ORDERED that the People's Motion to Revoke is DENIED as moot.